CHARLES WERNER, plaintiff in error, *vs.* ROBERT H. FOOT-
MAN, administrator, defendant in error.

1. A counter-affidavit filed to stay proceedings under a warrant to dispossess a tenant holding over, set up that a third person had, a month previously, sued out a similar warrant against him for the same premises, and that plaintiff in the present proceedings had said to affiant in a conversation, that he had sold the land to such person, and further set up that his lease had not expired. On motion, all was stricken from the affidavit except the last ground:

*Held,* that as there was no allegation that defendant held under such third person, and no denial of his tenancy under the plaintiff, there was no error in the ruling of the court.

2. Under section 4890 of the Code, governing such cases in the city of Savannah, it is sufficient for the landlord, after reciting necessary facts in his affidavit, to state that the tenant *refuses* to deliver possession.

3. Though a defendant may be entitled to a non-suit at the conclusion of plaintiff's evidence, yet if it be refused, and evidence subsequently introduced, be sufficient to authorize a verdict for plaintiff, it will not be set aside on account of the refusal of the non-suit.

4. Although the charge to the jury may not have been strictly correct upon the question of defendant's refusal to give possession, yet if the verdict is what it should have been, under the evidence, this court will not set it aside.

5. The statement made by the tenant to the landlord before the warrant was sued out, that he "would give him (the landlord) trouble to get possession," or that "he would hold on to the property," was sufficient to dispense with further proof of a refusal to surrender possession.

6. It was not competent for the defendant to prove that a custom existed between landlords and tenants in the city of Savannah, for the purpose of denying the legal rights which the plaintiff had under a written contract.

7. Where it is stipulated in a written contract for a five years' lease, that the tenant shall have ninety days after its termination to remove the improvements he may have put upon the premises, and the landlord does not sue out a warrant to dispossess him until after the expiration of the ninety days, it was not error, (such as the tenant can complain of,) for the court to charge that the lease did not terminate so as to make him a tenant holding over until the close of the ninety days, and that the jury could find double rent from that time.

Proceedings against tenant. Landlord and tenant. Savannah. Non-suit. Custom. Evidence. Charge of Court. New trial. Lease. Possession. Before Judge CHISHOLM. City Court of Savannah. July Term, 1874.

Robert H. Footman, as administrator on the estate of Thomas Clark, on June 6th, 1874, before W. S. Chisholm, judge of the city court of Savannah, made the following affidavit, for the purposes therein mentioned, to-wit:

"GEORGIA—CHATHAM COUNTY:

"Robert H. Footman, administrator of the estate of Thomas Clark, deceased, comes before the undersigned, the judge of the city court of Savannah, and deposes that Charles Werner, of said city, rented from him for one year, from the 8th day of February, A. D., 1873, to the 8th day of February, A. D., 1874, all that lot of land in the city of Savannah known in the plan of said city as lot number (20) twenty, Crawford ward, at and for the rent of $150 00 per annum, and with the privilege of removing from the said lot, within ninety days from the expiration of the said tenancy, such improvements as might be thereon at the time of such expiration, except fences, which said period of ninety days expired on the 9th day of May, A. D., 1874. And the deponent further says that the said Charles Werner refuses to deliver possession of the premises to him, and that he therefore prays that a writ of possession may be issued, as by law in such cases made and provided.     (Signed)     R. H. FOOTMAN.

"Sworn to and subscribed before me,
    this 6th day of June, A. D., 1874.
    (Signed)   "W. S. CHISHOLM, Judge."

Upon this affidavit a warrant was issued, and the following counter-affidavit filed:

"Personally appeared before me, the above named Charles Werner, who being duly sworn, deposes and says that he has been advised to believe, and believes, and submits to the court that said Robert H. Footman, administrator, as aforesaid, has not alleged in his said affidavit any good and sufficient ground to entitle him to the writ of possession prayed for. And deponent further says, that about one month ago one John Dorsch-

er sued out against him for the same lot of land a writ of possession, on the ground that deponent was said *Dorscher's tenant of said lot of land*, and that deponent's *lease had expired*, to which proceeding deponent filed his counter-affidavit, in terms of the law, and gave the bond required; and that said Robert H. Footman informed deponent in conversation *that he had sold said lot of land to said John H. Dorscher, and had no further control of it*, and deponent submits to the court whether, under the foregoing facts, he is still the tenant of Robert H. Footman, and whether said proceeding against him by said Footman should not be quashed. And deponent further says that his lease of said lot of land, number twenty, Crawford ward, has not expired, and will not expire for some time to come.     (Signed)     CHARLES WERNER.

"Sworn to, etc., June 8th, 1874.

"SIGMUND ELSINGER, N. P. & E. O. J. P."

When the issues made by said affidavit and counter-affidavit came on to be tried, the plaintiff moved the court to strike from the counter-affidavit that portion thereof by which it appeared that said Footman had ceased to be owner of the lot of land, prior to action brought, having sold said lot to John Dorscher, who had already proceeded against him in the same matter. This motion was allowed by the court, and defendant excepted.

The defendant then moved the court to dismiss the warrant to dispossess, on the ground stated in the counter-affidavit, to-wit: that the allegations in the affidavit upon which said warrant was founded were insufficient, in law, to support said warrant. This motion was disallowed, and the defendant excepted.

The cause then went to the jury, and the plaintiff proved the execution of the following instrument and closed:

"THE STATE OF GEORGIA—CHATHAM COUNTY:

"Know all men by these presents, that I, George W. Davis, executor of the estate of Thomas Clark, deceased, of the first

Werner *vs.* Footman.

part, and Charles Werner, of the second part, have agreed that for and in consideration of the semi-annual rent of $25, to be punctually paid on the eighth day of August and on the eighth day of February in each year, commencing from the date of these presents, the party of the first part has leased, and by these presents do lease to the party of the second part, all that lot of land, lying and being in the city of Savannah, and known as lot number twenty, Crawford ward, for the full term of five years from the date of these presents, and it is further agreed in case the party of the second part shall fail to pay his rent at the end of each six months, as mentioned above, in every such case this lease shall be null and void, and the party of the first part shall immediately take possession of the leased premises. And it is also agreed that all such improvements as shall be put upon said lot, shall be liable and held bound for the rent of said premises; and if the party of the second part shall continue in possession for the full term of his lease (the rent of which having been first punctually paid) then such improvements, as shall be on the leased premises at the expiration of the lease, shall be removed (except the fences which are to be left in good order by the party of the second part,) within ninety days from such expiration, unless the parties to this lease in that time make other arrangements respecting such improvements.

" In testimony whereof, we have hereunto set our hands and seals, this eighth day of February, eighteen hundred and sixty-eight. Savannah, December 19th, 1867.

(Signed)　　　　"GEORGE W. DAVIS,
　　　　　　　"*Executor Estate Thomas Clark.*
(Signed)　　　　"CHARLES WERNER.
"In presence of
　　" GEORGE ALLEN, JR.,
　　" Z. WINKLER, *Not. Pub. C. C.*"

"SAVANNAH, 12th February, 1873.
"We mutually agree that the within lease shall be extended for the term of one year, from the eighth day of Feb-

ruary, 1873, to the eighth day of February, 1874, subject to all the terms and conditions therein contained.

(Signed)                    "R. H. FOOTMAN,

"*Administrator*, etc., estate *Thomas Clark.*

(Signed)                    "CHARLES WERNER.

"*Witness :* C. J. INGRAM."

Whereupon the defendant moved the court for a non-suit, on the ground that the plaintiff had failed to show that defendant held over without his consent, and had no other lease of said lot than the one above set forth, or that he had refused to deliver possession of said lot of land, or that the plaintiff had ever demanded from defendant possession thereof. This motion was overruled, and defendant excepted.

The defendant testified that the plaintiff had never demanded from him or requested him to deliver possession of said leased premises; that he had held over from the 9th of February, 1874, until the plaintiff sued out said warrant to dispossess ; that he had put valuable improvements upon the premises, which cost $1,500 ; that the plaintiff, prior to said 9th February, 1874, had agreed to sell him said leased premises, at the expiration of said term, on February 9th, 1874 ; that on the 10th February, 1874, he went to the plaintiff, and after paying him the rent for the last quarter, told him that he was prepared to buy said leased premises according to agreement; that plaintiff informed him that he had sold said premises, at which defendant expressed great surprise and plaintiff much sorrow ; that he then informed plaintiff that he would hold on to the property, (meaning he would hold over for another year) and the latter said nothing in dissent.

One witness corroborated this testimony, by swearing that the plaintiff had said to defendant that he would sell him said premises at the expiration of said lease.

The defendant offered to prove a general custom prevailing in the city of Savannah, " that where a tenant rents premises in the city of Savannah for one year, either orally or in writ-

Werner *vs.* Footman.

ing, and holds over, after the expiration of the year, for so short a time even as one month, or two weeks, with the knowl- edge of his landlord, and without any dissent on the part of his landlord, he is tenant again for another year, on the same terms and conditions as before." This the court refused to permit, and defendant excepted.

The plaintiff testified that he had never made any other contract of renting with defendant than the said written lease; that the defendant ceased to be his tenant on the 9th Feb- ruary, 1874, having, however, until the 9th May following to remove his improvements; that he never told defendant he would give him until the expiration of said lease to buy said leased premises; that defendant did not tell him on the 10th day of February, 1874, that he would hold over for another year; that on the 10th of February, 1874, defendant came to his office to pay him the rent for the preceding six months, and he informed him that the leased premises had been sold; that defendant expressed surprise at this information, and said he wanted to buy said premises, but did not say he came pre- pared to purchase; that plaintiff repeated that he had sold said premises, when defendant said he would give him trouble to get possession, to which plaintiff replied, that he would see about that.

Plaintiff admitted that he never at any time demanded of, or requested defendant to deliver up to him possession of said leased premises, after the 9th day of May; that he simply took out a warrant to dispossess him on the 6th day of June, 1874.

One witness corroborated plaintiff's evidence by swearing that he had heard defendant say, on February 10th, 1874, that he would give trouble to plaintiff to get possession of the lot of land, to which the latter replied, "I will see about that."

The cause then went to the jury, and the court below charged as follows: "There is but one issue for you to try, and it is the one raised by the pleadings, viz: Did de- fendant's lease expire on the 9th day of May, 1874, as stated in affidavit of plaintiff? To determine this, you must ascer-

Werner *vs.* Footman.

tain under what contract of lease or rent the defendant held; if you find that his only contract of rent was the written lease which has been introduced in evidence, then the court instructs you that his term expired on the 9th day of May, 1874, for the purposes of this case; and your verdict should be for plaintiff, with double rent from that time. But if you find that defendant held over after the 9th of May, 1874, and plaintiff assented to such holding over, then your verdict should be for the defendant; this assent may be found not only from words spoken, but from his conduct, or from his acquiescence. It is not necessary, upon the trial of the present issue, for plaintiff to prove that he requested defendant, after the expiration of his lease, to deliver up to him the possession of the leased premises, nor can defendant defeat a recovery by plaintiff, by proof of failure so to demand possession, unless the jury find that such failure to demand possession amounted, under the facts of the case, to an assent by the landlord to the tenant's holding over."

The court further charged " that it was defendant's duty, at the expiration of his lease, to deliver up possession to his lessor, without any request so to do by his lessor, and that a failure so to deliver up, even though not requested, amounted in law to a refusal, and might be so treated, at the option of the landlord."

The court further charged that " said written lease of defendant did not expire so as to make him a tenant holding over, for the purposes of this proceeding, until the 9th of May, 1874, and that the jury could find double rent against defendant from that time."

The defendant requested the court to charge that " the failure on the part of the landlord to demand possession from the tenant may be considered by the jury as a circumstance, to show the landlord's consent to his tenant's holding over for another year." The court charged as requested, but added thereto the following words: " unless the jury are of opinion, from the conversation that took place between the parties, on the 10th of February, 1874, that such a demand had been

made by the plaintiff, and such a refusal to deliver possession on the 9th day of May, had been made by the defendant, as would negative any assent, which such a circumstance might imply."

The jury found for the plaintiff, with double rent from May 9th, 1874, at the rate of $300 00 per annum.

Error is assigned upon each of the above grounds of exception.

R. R. RICHARDS; R. WAYNE RUSSELL; A. B. SMITH, for plaintiff in error.

JACKSON, LAWTON & BASINGER, for defendant.

TRIPPE, Judge.

1. This was a proceeding by the landlord to remove a tenant who was alleged to be holding beyond his term, and refusing to deliver possession. The property was in the city of Savannah, and the process was sued out under the laws having reference to that city: Code, secs. 4890, 4892. Neither those laws, or the general laws of the state upon that subject, recognize that the tenant in such a case can set up any defense in his counter-affidavit other than that his lease has not expired, or that he does not hold under the person making the application, or under any one from whom he claims the premises, or who claims from the one suing out the warrant. The statements made in this counter-affidavit show neither of these facts, except that the lease had not expired. The fact that another person had some time previously sued. out a similar warrant, which the defendant arrested by a counter-affidavit, is not sufficient. It did not appear that such a case was then proceeding against him.

2. Section 4890 does not require that the landlord shall make oath that the possession had been demanded, and the tenant refused to deliver. If the affidavit states that the tenant refuses to deliver possession, it is sufficient, after reciting the other necessary facts.

3, 4. We are not prepared to say that the motion for a non-suit could not have been properly granted when it was made. The plaintiff had not proved a refusal on the part of the tenant at that stage of the case. Had the evidence concluded just there, and a verdict been rendered against defendant, his right as to a new trial would be different. But though a defendant may be entitled to a non-suit upon the conclusion of plaintiff's evidence, yet if, on its refusal, evidence be subsequently introduced which authorizes a verdict for plaintiff, it will not be set aside on account of the refusal to grant the non-suit: *Hanson vs. Crawley*, 51 *Georgia*, 528. In this immediate connection it may be best also to notice the charge of the court upon this point. That charge was, "that it was the tenant's duty, at the expiration of the lease, to deliver possession to his lessor without any request so to do by the lessor, and a failure so to deliver, even though not requested, amounted, in law, to a refusal, and might be so treated by the landlord." We are not satisfied that this was strictly correct. It may be a tenant's duty to vacate the possession on the expiration of his contract of rent; but it is putting it pretty strong upon him, as a legal duty, to say that he shall deliver to the landlord, even though not requested. In many instances this might be impossible. If he leaves the possession vacant it is generally sufficient, for it is certainly as much the landlord's duty to ask for the possession as it is the tenant's to go to him to surrender. When the tenancy expires all that the tenant has to do is to quit, unless there be something in the contract beyond that for him to do. The court scarcely meant to the contrary of this. Doubtless, his meaning was that if the tenant did in fact hold over, it was, in law, equivalent to a refusal.

5. Be this as it may, under the evidence the verdict was right. The tenant notified the landlord that he intended to hold on to the property. The landlord and another witness testified that the tenant said he would give the plaintiff trouble to get possession. The tenant did, in fact, hold possession beyond the term, and still held it when the warrant

issued, and then set up that his lease had not expired.    This was sufficient to dispense with further proof upon the point of refusal to deliver possession.

6. The contract of lease was in writing.    The right of the landlord as to having possession at the end of the lease was fixed by that contract.    The evidence was strong that he had not yielded that right, and also that the tenant would not surrender the possession.    It was not competent for the defendant to evade the legal right of his landlord, under the written contract, by proving that a certain custom existed between landlords and tenants in the city of Savannah.

7. The contract of lease was for five years.    The tenant had ninety days after its termination to remove certain improvements he might put upon the premises.    The warrant was not sued out until after the ninety days had expired. The tenant cannot complain of the charge of the court that the lease did not terminate so as to make him a tenant holding over until after the close of the ninety days, and that the· jury could find double rent from that time.    The defendant claimed that this charge deprived him of the benefit of a presumption that by a delay of three months the landlord acquiesced in his continuing as a tenant for another year; that is, that it was some proof of a renewal of the lease for one year more.    We cannot think that under the terms of the contract as to the ninety days, and the evidence as to the refusal to deliver possession, such a presumption could exist.

Judgment affirmed.