## MITCHELL *vs.* WHITE.

1. Issues formed by counter-affidavits filed to a distress warrant and a proceeding to dispossess a tenant holding over respectively, are separate cases, and should not be tried together; but if a party consents that this be done, he cannot except thereto.

2. Where an affidavit to dispossess a tenant holding over averred that possession had been demanded, and the counter-affidavit made no denial thereof, but the only issue raised was whether the defendant held under the plaintiff as a tenant or not, after verdict for the plaintiff, a new trial will not be granted, under the general ground that the verdict is contrary to evidence, for want of proof of demand.

(*a.*) There being proof that the defendant had held a bond for titles to the land in dispute from the plaintiff, but that he delivered it up and gave a note or contract for rent, he could not deny his landlord's title; and a verdict for the plaintiff was supported by the evidence.

3. It being in question whether the matter of rents was involved and adjudicated in a former litigation arising under a bill and cross-

bill in regard to the land now involved in this dispute, and there being conflicting testimony as to what was submitted on the former trial and as to an agreement of counsel in respect to the decree, where the court submitted the question to the jury and their finding is supported by evidence, this court will not interfere.

4. On a bill in equity and cross-bill, a decree having been rendered finding the title to land in favor of one party, and on a subsequent proceeding by such party against the other, involving rents, there being conflicting testimony concerning an agreement between counsel as to the disposition to be made of the question of rents under that decree, and the question having been submitted to the jury, and their verdict having been approved by the presiding judge, a reversal will not be granted.

5. Newly discovered evidence, the object of which is only to impeach a witness for the other side, will not require a new trial; especially where this newly discovered evidence is directly denied by the witness sought to be impeached thereby

December 2, 1884.

Landlord and Tenant.    Practice in Superior Court.    Estoppel.   Evidence.   *Res Adjudicata.*   Before Judge STEWART.    Pike Superior Court.    April Term, 1884.

Reported in the decision.

J. F. REDDING; WM. S. WHITAKER, for plaintiff in error.

J. A. HUNT, for defendant.

JACKSON, Chief Justice.

A distress warrant for rent of a tract of land was sued out by White against Mitchell, and also a proceeding to eject him as a tenant holding over after the year had expired.   Mitchell defended and made counter-affidavits, and the two cases were tried together.

The jury found for White the rent agreed upon for the first year, it being the value of the cotton stipulated for in the contract, and thus the issue on the distress warrant was disposed of.   They found double rent for the time Mitchell held over, and thus the issue under that proceeding was determined.   Mitchell moved for a new trial,

Mitchell *vs.* White.

and its denial on the several grounds in the motion is the complaint made here.

1. The two are separate cases, and should not have been tried together; but as the plaintiff in error consented to try them as one case, he cannot complain.

2. In the counter-affidavit on the question of the tenant holding over, the demand for possession is not put in issue. The distinct issue, and the only issue made, is that Mitchell did not hold under White. On that issue the jury passed, and found that he did. The averment that White had demanded possession was not denied, and on the general ground in the motion that the verdict was contrary to the evidence, because there was no testimony of the demand, it not being denied or put in issue, a new trial should not be granted. The question, and only question in issue was, did Mitchell hold under a contract of purchase from White or as his tenant? He gave his note or contract for the rent for the year 1881, and cannot deny his landlord's title. He delivered up White's bond for titles, and thereby, and by the rent-contract, the original claim of purchase was terminated. Thus there is evidence to sustain both verdicts—the first that he owed the value of the cotton agreed to be paid for 1881, and the second, that he held over as tenant after the expiration of that year.

3. But it is insisted that the rents were in issue in a bill in equity brought by Mitchell, and a cross-bill filed thereto by White, and that the verdict and decree thereon, finding the land to be the property of White, and their silence about the rents, are equivalent to a finding that no rents were due. If the rents were so put in issue, this might be so, and the judge charged the jury that it would be so in that case, submitting that question fairly to the jury on those bills, one for specific performance by Mitchell against White, and the cross-bill of White for damages to the land, which were in evidence before them, and the jury found that the rents were not put in issue; and an examin-

ation of those pleadings shows that the verdict thereon is right.

Besides, the dispute between counsel in respect to the amount of rents which would be due, under the consent that the decree should be rendered in favor of White's title to the land, whether single or double rents, whether five hundred dollars or more, and their conflicting parol evidence thereon, and the silence of the decree on that subject, would seem to settle the point that the verdict and decree did not contemplate the settlement of rents due, and that they were not in issue.

But for this parol testimony, it would have been more regular for the court to instruct the jury what those equity pleadings did put in issue; but as such instructions would have accorded with the verdict, no hurt was done by submitting the pleadings, without regard to outside facts, to the jury, as the court did; certainly Mitchell was not hurt thereby.

4. But the charge of the court is complained of in respect to that decree,—that it put the title in White, and concluded Mitchell as to rents. The charge submitted the issue to the jury fairly. It is to the effect that, if the consent decree was obtained and agreed to on the condition that White should abandon his claim for double rent, and receive only five hundred dollars in all, in lieu of the rent for 1881, as well as the balance of the time Mitchell occupied the land, then he could only recover the rent so agreed upon, by which he got the consent decree; but if the agreement on which the decree was rendered was that Mitchell should, in thirty days, pay White two thousand dollars for the land and five hundred dollars for rent and keep the land, or if he did not keep it and pay for it, as well as the rent at five hundred dollars, then the distress warrant and the proceeding against him for holding over should go on for whatever the law gave White, then White could recover the rent due for 1881 under contract, and double rent, notwithstanding the decree.

On this issue the counsel swore adversely to each other, and so did the parties. The testimony is conflicting; the jury found that the version of White and his counsel was the truth; the presiding judge approved the verdict; and in such cases this court does not interfere.

5. There is not enough in the newly discovered testimony to authorize a new trial. The new evidence is that Hunt, counsel for White, said to the surety on Mitchell's bond, that the agreement which brought about the consent decree was that White should only take the single rents, and not exact double rents. It is impeaching testimony; and besides, it is met by a flat denial by Hunt. Affidavit against affidavit, and the new testimony only impeaching. Surely the judge was right to disregard such newly discovered testimony.

The case shows the importance of putting all agreements about cases in black and white, thus assuring the rights of both parties, and avoiding conflict in their oral testimony, and worse still in that of counsel. Misunderstanding is thereby avoided and the truth clearly established.

In this case the issues were fairly submitted by the court, the evidence authorizes the verdict, and the plaintiff in error, on whom the law casts the burden of showing error, has failed to show it. No alternative is left us but to affirm the judgment.

Judgment affirmed.