## HINDMAN v. RAPER.

HILL, J.  1. In dispossessory-warrant proceedings, where it appeared that the tenant contracted to pay a stipulated sum for a year, and that at the end of the year he had failed to pay it, and that his landlord had foreclosed a distress warrant to collect the rent, the landlord's vendee was entitled to all the rights of the original landlord, including the right to issue a dispossessory warrant; and in an issue formed upon

that, where the counter-affidavit did not deny that a demand was made, it was not error to charge that the plaintiff was entitled to recover the premises in dispute.

2. Where a vendee from a landlord sues out a dispossessory warrant on the ground of failure to pay rent when due, and the tenant by counter-affidavit denies that he is holding possession over and beyond his term, and denies that he holds the premises from the plaintiff or any one from whom the plaintiff claims, the demand for possession is not put in issue. *Mitchell* v. *White*, 74 *Ga.* 327 (2). And where it appears from the undisputed evidence that the landlord, after his rental to the tenant, sold and conveyed the land to the plaintiff by warranty deed, such vendee from the landlord, and not the landlord, could issue a dispossessory warrant. *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, 24 Ann. Cas. 347). And on the trial where the tenancy under the original landlord is not denied, and the evidence is without dispute that the tenant failed to pay the rent when due, the plaintiff is entitled to recover double rent from the time of the demand, or, if no specified time of demand is proved, from the date of the issuance of the dispossessory warrant. The statute permits recovery of double rent from the time possession was demanded of the tenant. In order to recover double rent from the time of the demand, it is incumbent upon the plaintiff to establish the date of the demand. If there be a failure in the evidence to show the date the demand was made, then the plaintiff would be entitled to recover from the tenant double rent from the date of the issuance of the dispossessory warrant, upon the doctrine that, inasmuch as no issue is made by the counter-affidavit as to the making of demand, it will be presumed to have been made as a pre-requisite to the issuance of the warrant. The same doctrine is applicable where there is a dispute between the tenant and the landlord, on the trial of the case, as to whether a demand in point of fact had been made, where the tenant fails to make this issue in his counter-affidavit.

*Judgment affirmed. All the Justices concur.*
JULY 3, 1915.

Eviction. Before Judge Wright. Floyd superior court. June 24, 1914. (See 140 *Ga.* 775.)

*Eubanks & Mebane,* for plaintiff in error.
*Harris & Harris,* contra.