### 11851.　CRIDER *v.* HEDDEN *et al.*

JENKINS, P. J.　1. Where, in eviction proceedings against a tenant under sections 5385-9 of the Civil Code (1910), the tenant files a counter-affidavit and bond, "he may be charged with double rent for the time

he held over, up to the date of the trial, although nothing is said of rent in the plaintiff's affidavit to obtain the warrant. The statute annexes this incident to a wrongful holding over." *Pettis* v. *Brewster*, 94 *Ga.* 527 (19 S. E. 755) ; *Weaver* v. *Roberson*, 134 *Ga.* 149 (2), 159 (67 S. E. 662) ; *E. Tris Napier Co.* v. *Brown*, 23 *Ga. App.* 212, 215 (98 S. E. 120).

2. While it is true that in such a proceeding "double rent cannot be recovered from a tenant prior to demand for possession, nor is such action an appropriate one for the recovery of rent due under the contract prior to such demand" (*Talley* v. *Mitchell*, 138 *Ga.* 392, 75 S. E. 465; *Willis* v. *Harrell*, 118 *Ga.* 906 (8), 45 S. E. 465) ; *Stanley* v. *Stembridge*, 140 *Ga.* 750 (4) (79 S. E. 842) ; *Levens* v. *Arp*, 23 *Ga. App.* 198, (97 S. E. 893), yet where the affidavit to dispossess the tenant avers such a demand, and the counter-affidavit does not deny this, even " if there be a failure in the evidence to show the date the demand was made, . . the plaintiff would be entitled to recover from the tenant double rent from the date of the issuance of the dispossessory warrant, upon the doctrine that, inasmuch as no issue is made by the counter-affidavit as to the making of demand, it will be presumed to have been made as a prerequisite to the issuance of the warrant." *Hindman* v. *Raper*, 143 *Ga.* 643, 644 (2) (85 S. E. 843) ; *Mitchell* v. *White*, 74 *Ga.* 327 (2). Under this theory, as well as under certain testimony as to an actual demand, the verdict was authorized by the evidence.

3. Where the defendant averts eviction by filing his counter-affidavit and bond, he cannot question the legality of his own bond on the ground that it should have been approved by the sheriff and not by a constable. Moreover, under sections 5385 and 5386 of the Civil Code (1910), expressly empowering "any lawful constable of the county where the land lies " to proceed after issue of the warrant by the superior-court judge or justice of the peace, such approval by the constable to whom the warrant was delivered to be executed was proper.

4. On the trial of issues under a dispossessory warrant dated January, 1918, the court did not err in excluding as irrelevant and immaterial another such warrant, issued in 1919, offered for the purpose of showing harassment of the defendant by the plaintiffs, there appearing to be no plea of res judicata, and nothing in the record showing any relevancy of such testimony. *Minnesota Lumber Co.* v. *Hobbs*, 122 *Ga.* 20 (2), 22 (49 S. E. 783) ; *Fenwick Shipping Co.* v. *Clarke*, 133 *Ga.* 43 (4), 48 (65 S. E. 140).

5. The procedure maintained by the true joint owners of the land was not illegal because of the fact that the rent contract had been made payable in the name of one of them, who it was proved was the agent acting for the others as well as for himself; and this is true whether or not such agency was disclosed to the tenant at the time of the contract. *McConnell* v. *East Point Land Co.*, 100 *Ga.* 129 (2), 134 (28 S. E. 80). Besides, in this case, when the contract was thus established by plaintiffs at the trial, it was admitted in evidence without objection.

6. Where a new trial is sought on the ground of newly discovered evidence, not only must the diligence of movant and his counsel appear, but

affidavits as to the residence, associates, means of knowledge, character, and credibility of the new witness must be adduced. Civil Code (1910), § 6086; *Atwater* v. *Hannah*, 116 *Ga.* 745(3) (42 S. E. 1007). In the present case the movant failed to make the required statutory showing as to the new witness, by whom it was sought to prove that the rental contract as set up by plaintiffs in the trial was not the true contract; but that an entirely different original contract was in the possession of the witness, who attached an alleged copy instead of the original to his affidavit for the defendant. Furthermore, since this witness, by subsequent affidavit for the plaintiffs, denied the accuracy of the copy of the contract attached to his affidavit for the defendant, the issues as to the existence and accuracy of the contract set up by plaintiffs and denied by defendant at the trial having already been determined by the jury, the court did not in refusing the motion on this ground abuse its discretion.

7. The evidence in respect to damages arising under the contract of rental did not demand a finding in favor of the defendant; and, besides, there was no pleading setting up any such claim on his part. *Weaver* v. *Roberson*, supra.

8. The remaining grounds of the motion for a new trial are without merit. The charge of the court fully and fairly instructed the jury upon the law pertinent to all matters in issue, and the exceptions taken thereto are in the main covered by the principles stated above.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 2, 1921.

Eviction; from Fulton superior court — Judge Bell. July 15, 1920.

*W. A. James, James & Bedgood, G. H. Hudson,* for plaintiff in error. *George F. Gober,* contra.