### 12433. HENNON *et al. v.* MITCHELL.

1. None of the excerpts from the charge of the court, set out in the motion for a new trial, when considered in the light of the entire charge and the facts of the case, contains reversible error.

2. The ground of the motion for a new trial complaining of the admission of certain documentary evidence cannot be considered, as the evidence is not set forth in the ground, either literally or in substance, nor attached thereto as an exhibit.

3. Upon the trial the plaintiff landlord did not prove any demand for the possession of the premises in dispute, but the tenant did not raise this issue in his counter-affidavit, and therefore the plaintiff was entitled to recover double rent, if entitled to recover any rent, from the date of the issuance of the dispossessory warrant.

4. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JULY 13, 1921.

Eviction; from city court of Floyd county — Judge Nunnally. April 1, 1921.

*Harris & Harris,* for plaintiffs in error.

*Max Meyerhardt,* contra.

BROYLES, C. J. The 3d headnote alone needs elaboration. The plaintiff landlord swore out a dispossessory warrant against the defendants on November 17, 1919, in which she alleged that they had failed to pay the rent for the year 1919, which was due on November 15, 1919, and that she desired possession of the land and that the defendants had refused to give her such possession. The defendants filed a counter-affidavit and gave the required bond. Upon the trial the plaintiff asked for double rent, and the judge charged the jury that, if they found any amount for her, they should double that amount. A verdict in favor of the plaintiff for $372.34, and the possession of the premises, was returned. The defendants' motion for a new trial was overruled, and they excepted.

Counsel for the plaintiffs in error contend that as no demand for the possession of the premises was shown on the trial, the plaintiff was not entitled to recover double rent. Such is the general rule. However, where, as in this case, the question as to demand is not raised in the counter-affidavit, "it will be presumed to have been made as a pre-requisite to the issuance of the warrant,' and "the plaintiff would be entitled to recover from the tenant double rent from the date of the issuance of the dispossessory warrant." *Hindman* v. *Raper,* 143 *Ga.* 643 (2) (85 S. E. 843); *Bowling* v. *Hathcock,* 27 *Ga. App.* 67 (107 S. E. 384).

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*