17338.   GRAF *v.* SHIVER.

STEPHENS, J. 1. Where a proffered amendment to the counter-affidavit in a proceeding to dispossess a tenant upon his failure to pay the rent, admits his failure to pay the rent, but alleges that it is not due by reason of certain obligations and indebtedness of the landlord to him in an amount in excess of the unpaid rent and arising out of the contract of rental, the amendment is insufficient and fails to allege any indebtedness or obligation from the landlord to the tenant where, by the terms of the contract of rental, such indebtedness or obligations did not so arise. Furthermore, where the obligations and indebtedness from the landlord to the tenant are alleged to have arisen by reason of certain expenditures which the tenant was forced to make upon the rented premises for the purpose of repairing and restoring the premises to the condition in which it is alleged the landlord at the time of entering into the lease contract falsely and fradulently represented the property to be, such indebtedness is not established where it is not specifically alleged wherein the property was defective and wherein there was a failure in the property to conform to the alleged representations of the landlord. Where it is alleged by the tenant that the rented property consisted of an ice plant and machinery for making ice, and that at the time of the execution of the rental contract the landlord falsely and fraudulently represented to the tenant that the machinery had been in use only five years, when in fact it had been in use for a period of thirty-five years; that the landlord represented that the plant

Landlord and Tenant, 36 C. J. p. 395, n. 89; p. 396, n. 97; p. 658, n. 46; p. 659, n. 54; p. 664, n. 20.

was in first-class condition and that "the repairs set out in the contract were the only repairs necessary to make the plant in first-class condition," which repairs mentioned in the contract were otherwise than alleged in the plea, and where it is further alleged that it was necessary for the tenant to expend upon the plant the specific sums stated elsewhere in his plea, the allegations do not specifically and with requisite certainty set out the defects in the machinery. The court did not err in disallowing the proffered amendment to the defendant's counterclaim.

2. Allegations of fact as the basis for the issuance of a warrant to dispossess a tenant, contained in the landlord's affidavit upon which the warrant issued, which are not denied by the tenant in his counter-affidavit, will be treated as admitted. Where the landlord's affidavit contains an allegation that he has demanded possession of the premises, and the tenant's counter-affidavit denies only that the rent is due and does not deny that demand has been made for possession of the premises, such demand will be treated as an admitted fact. *Hindman* v. *Raper*, 143 *Ga.* 643 (85 S. E. 843); *Mitchell* v. *White*, 74 *Ga.* 327 (2).

3. While double rent in a proceeding to dispossess a tenant can be collected only from the date of demand for possession of the premises, yet where demand as alleged in the landlord's affidavit, upon which the warrant to dispossess was issued, is admitted by the tenant in his counter-affidavit, as indicated above, the date of demand is necessarily established as not later than the date of the execution of the landlord's affidavit. In such a case an exception to the verdict found for the plaintiff, in so far as it finds an amount for double rent, upon the ground that the evidence discloses no proof as to the date the demand for the premises was made, is without merit.

4. Whether or not double rent, which is recoverable against a tenant holding over, as provided in section 5389 of the Civil Code (1910), is uncollectible for a period during which the rented premises are in possession of a receiver appointed for the property of the tenant, the pendency of the receivership will prevent the collection of double rent only when the control and possession of the property by the receiver prevented the tenant from moving out and surrendering the rented premises to the landlord. Where it appears that, after the issuance of a warrant to dispossess, a period of ten months elapsed before the tenant surrendered the premises to the landlord, and that during that period the rented premises were in the control of a receiver for a period of not longer than six months, but it does not appear what part of this time was covered by the possession of the receiver, the evidence is insufficient to establish as a fact that the possession and control of the rented premises by the receiver prevented the tenant from moving out and surrendering the premises to the landlord.

5. Upon the issue formed in this case by the warrant to dispossess for failure to pay rent and the counter-affidavit thereto, the verdict for the plaintiff was authorized, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1927.

Eviction; from Cook superior court—Judge Knight.   April 10, 1926.

*H. W. Nelson, R. F. Hendricks, J. S. Story, E. H. Griner,* for plaintiff in error.

*Branch & Snow, W. D. Buie,* contra.