### 17642.   MOORE, administratrix, *v.* COLLINS.

BELL, J. 1. Where an owner of premises procures from a subtenant a writing whereby the subtenant agrees "to rent said premises" from the owner at a stipulated monthly rental from a day named, which exceeds the rent promised by the original tenant, and where thereafter the party in possession executing such agreement remains in possession, paying the rentals as stipulated in the writing, which rentals the owner accepts, the relation of landlord and tenant exists between the owner and the other party from the date of the execution of the agreement. *McConnell* v. *East Point Land Co.*, 100 *Ga.* 129 (28 S. E. 80); *Hudson* v. *Stewart*, 110 *Ga.* 37 (35 S. E. 178); *Mendel* v. *Barrett*, 32 *Ga. App.* 581 (124 S. E. 107); *Weed* v. *Lindsay*, 88 *Ga.* 686 (15 S. E. 836).

2. In a proceeding by the owner of premises to dispossess a tenant under the provisions of the Civil Code (1910), §§ 5385-9, for nonpayment of

Appeal and Error, 4 C. J. p. 650, n. 37; p. 651, n. 40.

Landlord and Tenant, 35 C. J. p. 959, n. 43; p. 1247, n. 99; p. 1248, n. 3; 36 C. J. p. 396, n. 2; p. 637, n. 1; p. 640, n. 75; p. 669, n. 17 New.

New Trial, 29 Cyc. p. 818, n. 30.

rent when due, where the landlord has not waived a "strict adherence to the terms of the lease contract" (*Mahoney* v. *McKenzie,* 27 *Ga. App.* 245 (2), 107 S. E. 775), it is not essential that the plaintiff should prove a demand for payment of the rent prior to the institution of the proceeding. *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45); *Carter* v. *Sutton,* 147 *Ga.* 496 (3) (94 S. E. 760); *Huff* v. *Markham,* 70 *Ga.* 284 (2); *Talley* v. *Mitchell,* 138 *Ga.* 392 (4) (75 S. E. 465).

3. Nor is it necessary to prove a demand for the possession of the premises where it appears that the demand, if made, would have been refused. The defendant in this case having testified, "If he [the owner] had demanded possession, I wouldn't have given it up," it is immaterial whether or not such demand was made. *Werner* v. *Footman,* 54 *Ga.* 128 (2, 5); *Ballard* v. *Daniel,* 18 *Ga. App.* 449 (2) (89 S. E. 603); 36 C. J. 396.

4. Although the defendant went into possession of the premises as a subtenant of the original tenant, he could not, as against the owner, attorn to the original tenant after the execution of the writing above referred to and after the owner had elected to hold him as tenant. *New* v. *Quinn,* 31 *Ga. App.* 102 (119 S. E. 457), and cit.

5. Applying the above rulings to the undisputed evidence, the verdict in favor of the defendant that he should not be evicted was contrary to law, and the plaintiff was entitled to a new trial.

6. In eviction proceedings against a tenant under the Civil Code (1910), §§ 5385-9, where the tenant files a counter-affidavit and bond, he may be charged with double rent, or double the rental value of the property, as the case may be (see *Stanley* v. *Stembridge,* 140 *Ga.* 750 (4, 5), 79 S. E. 842), from the date of the demand for the premises, or, if such date is not shown, from the date of the issuance of the dispossessory warrant, provided the plaintiff is entitled to prevail in such case. *Crider* v. *Hedden,* 26 *Ga. App.* 737 (107 S. E. 345); *Hindman* v. *Raper,* 143 *Ga.* 643 (2) (85 S. E. 843).

(*a*) Under the facts appearing, the judge erred in so charging the jury as to imply that the plaintiff was seeking to recover double rent for one month only, and apparently to limit the plaintiff's right to such recovery. However, in view of the ruling in the preceding paragraph, it is not necessary to decide whether such error in the charge would in itself be ground for a new trial, the jury having found unqualifiedly in favor of the defendant. *Howard* v. *Ga. Ry. & Power Co.,* 35 *Ga. App.* 273 (8) (133 S. E. 57).

7. The court erred in refusing the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.

Eviction; from Evans superior court—Judge Strange. July 17, 1926.

*John W. Sheppard, A. S. Way,* for plaintiffs.

*S. T. Brewton, P. M. Anderson,* for defendant.