31291.   GINN *v.* JOHNSON *et al.*

DECIDED JUNE 26, 1946.

*T. E. Whitaker, Young H. Fraser,* for plaintiff in error.

*Homer C. Denton,* contra.

SUTTON, P. J. (After stating the foregoing facts.) The plaintiff or defendant in certiorari may traverse the answer or return of the trial judge, and the issue formed upon such traverse shall be tried by a jury at the first term, unless good cause be shown for a continuance. Code, § 19-403. The traverse, if material to the issues involved, must be disposed of before the hearing on the merits of the case. *Estes* v. *Palmour,* 9 *Ga. App.* 343 (71 S. E. 590).

The issue formed by the traverse to the answer of the trial judge was material in this case and should have been submitted to a jury, instead of being dismissed by the judge on oral motion of the defendant. While the defendant did not deny in his counter-affidavit that a demand for possession had been made upon him by the plaintiff prior to the issuance of the dispossessory warrant, and his failure to do so raised a presumption of law that such a demand had been made (*Hindman* v. *Raper,* 143 *Ga.* 643, 85 S. E. 843; *Crider* v. *Hedden,* 26 *Ga. App.* 737, 107 S. E. 345; *Hennon* v. *Mitchell,* 27 *Ga. App.* 293, 108 S. E. 131), still such presumption must give way to the direct and positive testimony of the defendant on the trial that no demand had been made upon him for possession by anyone prior to the issuance of the dispossessory warrant. "Bare presumptions of law give way to testimony, which may shift the burden of proof or of proceeding to the opposite party, and he is then not entitled to prevail upon the presumption alone." *Hamby* v. *Crisp,* 48 *Ga. App.* 418, 421 (172 S. E. 842) ; Code, § 38-118.

A demand upon the tenant to deliver possession of the premises to his landlord, is a condition precedent to the right of the landlord to dispossess the tenant summarily under the provisions of the Code, § 61-301. *Bussell* v. *Swift,* 50 *Ga. App.* 148 (177 S. E. 277), and citations. And the giving by the landlord to the tenant of two months' notice, as required by § 61-105 to terminate a tenancy at will, is not such a demand for possession of the premises as will warrant the issuance by the landlord of a summary proceeding to dispossess the tenant. *Beveridge* v. *Simmerville,* 26 *Ga. App.* 373 (4) (106 S. E. 212).

In the present case, the defendant contended that no demand had ever been made upon him for possession of the premises, and testified unequivocally to this effect. The only evidence of any demand having been made by the landlord upon the tenant for such possession is contained in the brief of the evidence attached to the answer of the trial judge, and the traverse of the defendant denied the truth of this part of the answer. The issues raised by the answer of the trial judge and the traverse thereto of the defendant were material and were questions of fact for the jury under the facts of this case, and the trial judge erred in sustaining the oral motion and in dismissing the traverse.

The error of the court in sustaining the oral motion and dismissing the traverse to the answer of the trial judge rendered further proceedings in the case nugatory.

*Judgment reversed. Felton and Parker, JJ., concur.*