31240. DAVENPORT *v.* WHITTIER MILLS COMPANY.

DECIDED OCTOBER 15, 1946. REHEARING DENIED NOVEMBER 12, 1946.

*James W. Arnold, Poole, Pearce & Hall, Warren E. Hall Jr.,* for plaintiffs in error.

*James A. Branch, Thomas B. Branch Jr., Weekes & Candler,* contra.

BROYLES, C. J. (After stating the foregoing facts.) It is well-settled law, by repeated decisions of the Supreme Court and this court, that in a dispossessory-warrant case, where the defendant has filed a counter-affidavit and given the required bond, the *only* questions to be determined on the trial of the case in the superior court are the issues raised by the plaintiff's affidavit and the counter-affidavit; and that where the counter-affidavit fails to deny any basic allegation of fact contained in the affidavit of the plaintiff, such allegation is treated as admitted by the defendant. *Mitchell*

v. *White,* 74 *Ga.* 327 (2) ; *Hindman* v. *Raper,* 143 *Ga.* 643 (85 S. E. 843) ; *Graf* v. *Shiver,* 36 *Ga. App.* 532 (2) (137 S. E. 283) ; *Bowling* v. *Hathcock,* 27 *Ga. App.* 67 (2) (107 S. E. 384) ; *Werner* v. *Footman,* 54 *Ga.* 128 (1) ; *Hughes* v. *Purcell,* 198 *Ga.* 666 (3) (32 S. E. 2d, 392). In the instant case the counter-affidavit did not deny the allegation in the company's affidavit that the relationship of landlord and tenant existed between it and Davenport; and therefore that relationship was definitely and finally established, and the contention of counsel for Davenport that such relationship did not exist is without merit. Furthermore, the existence of that relationship was shown by the undisputed evidence. The only allegations in the landlord's affidavit denied in the counter-affidavit were that the tenant's term of rent had expired and that he was holding possession over and beyond his term. And that issue was the only question before the court and jury, and the evidence in the case demanded a finding that the tenant had not paid his past-due rent and that he was holding the premises over and beyond his term. Therefore the court did not err in directing a verdict for the landlord. Moreover, there, was no exception, either in the bill of exceptions or in the motion for a new trial, to the direction of the verdict, and therefore the judgment should be affirmed, even if it were only authorized, but not demanded, by the evidence.

In grounds 5 and 6 of the motion for new trial, complaint is made of the exclusion of certain proffered testimony. The testimony excluded was not germane or applicable to any issue raised by the counter-affidavit, and the court did not err in rejecting the testimony and in restricting the evidence to questions which were applicable to the issues raised by the pleadings. "Evidence ought not to be admitted unless it be applicable to some issue made in the pleadings." *Bower* v. *Douglass,* 25 *Ga.* 714 (2) ; *Chattahoochee Valley Ry. Co.* v. *Bass,* 9 *Ga. App.* 83 (8) (70 S. E. 683).

The remaining special ground of the motion for new trial recites: That, when the case was called for trial, counsel for the movant requested the court to have the plaintiff, a corporation, furnish him with a list of its stockholders, for the purpose of ascertaining whether or not any of the prospective jurors were related to any of such stockholders; and that the judge refused the request, but inquired of the jury if any of them were related to a stockholder of the plaintiff corporation. Such refusal by the court is assigned as

error. Assuming, but not deciding, that the ruling of the court was error, it was not prejudicial error since the verdict was directed by the court.

The denial of a new trial was not error.

*Judgment affirmed. All the judges concur generally, except Mac-Intyre, Gardner, and Parker, JJ., who concur specially.*

MacINTYRE, J., concurring specially. "The law [Code, § 61-301] provides for a summary dispossession of a tenant or lessee in three cases: first, where a tenant shall hold possession of lands and tenements over and beyond the term for which the same were rented or leased to him; second, if he shall fail to pay the rent when the same shall become due; and third, in case of a tenancy at will or by sufferance. On failure or refusal to deliver possession on demand, an oath may be made and summary proceedings had." *Hicks* v. *Beacham,* 131 *Ga.* 89, 92 (62 S. E. 45).

As to grounds 1 and 3, which give the landlord the right under the Code, § 61-301, to dispossess the tenant as stated, it might be noted that, even though the tenant proved that he did not hold possession over and beyond the term for which the property was leased or rented, or that he was not a tenant at will or sufferance, yet, if he failed to pay the rent under any of these tenancies, he would be subject to eviction under the Code, § 61-301; and here where the allegations of the affidavit of the landlord were, "That said tenant fails to pay the rent now due on said house and premises, or that the said tenant is holding said house and premises over and beyond the term for which the same were rented to him, that the said owner desires and has demanded possession of said house and premises, and the same has been refused by the said E. E. Davenport," proof of either allegation would entitle the landlord to evict the tenant; and where the defendant admitted that he was a tenant and had not paid the rent, and this ground was supported by other uncontroverted evidence, the irrelevant averment in the counter-affidavit that, "His term of rent has not expired, and that he is not holding possession over and beyond his term," was mere surplusage and did not affect the right of recovery by the plaintiff, and the refusal of the court to admit evidence to support this superfluous allegation was not reversible error. *Price* v. *Bloodworth,* 55 *Ga. App.* 268, 269 (189 S. E. 925).

This proceeding against the tenant "was not instituted for the purpose of recovering any particular amount as rent, but to recover

possession of the property wrongfully withheld from the owner"
(*Hamilton* v. *McCroskey*, 112 *Ga.* 651, 655, 37 S. E. 859) ; and
"In all cases where a tenant holding possession of land shall fail
to pay the rent when the same shall become due, the landlord is
afforded a summary remedy for his eviction. Civil Code, §§ 5385
[61-301], 5386 [61-302], 5389 [61-305] ; *Huff* v. *Markham,* 70 *Ga.*
284; *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45)." *Carter* v. *Sut-
ton,* 147 *Ga.* 496 (94 S. E. 760). "A tenant at will who is in
arrears with his rent and who refuses on demand to surrender the
premises may be ejected by dispossessory warrant, and it is not
necessary that sixty-days' notice should be given him. The officer
must exhibit the warrant to the tenant and give him three days
within which to move, before proceeding forcibly to eject him."
*Lanier* v. *Kelly,* 6 *Ga. App.* 783 (4) (65 S. E. 692). In the in-
stant case, there is no pleading to present the issue sought for the
first time to be raised by the evidence which the court refused to
allow upon objection to it. Therefore the court is without author-
ity to pass upon the question as to whether the evidence disallowed
would be admissible upon an issue made by proper pleadings. See,
in this connection, *Patrick* v. *Cobb,* 122 *Ga.* 80, 81 (49 S. E. 806).
*Gardner and Parker, JJ., join in this special concurrence.*