### 31832. CARSON *v.* ADAIR.

DECIDED JANUARY 28, 1948.

*Herman C. McCall, Paul Crutchfield,* for plaintiff in error.
*Sam G. Dettelbach,* contra.

SUTTON, C. J.   C. A. Adair instituted a dispossessory-warrant proceeding against R. S. Carson in the Civil Court of Fulton County, on May 3, 1947, to recover the possession of certain premises.   It was set out in the affidavit to obtain the warrant to dispossess that the tenant failed to pay the rent then due; that he was holding the described premises over and beyond the term for which the same were rented to him, and that the landlord desired and had demanded possession of the premises and the same had been refused by the tenant; that the landlord had complied with the rent regulations promulgated by the Administrator of the Office of Price Administration, in that he had given the tenant the proper notice, with a copy to the Rent Control Office, on the ground of failure to pay the rent then due.

The tenant arrested the dispossessory proceeding by filing a counter-affidavit and giving bond, a copy of the counter-affidavit being as follows: "Georgia, Fulton County. Personally comes R. S. Carson, who, on oath, declares with reference to the eviction affidavit of C. A. Adair, this day exhibited to him, that his term of rent has not yet expired, and that no rent is due and that he does not hold the said premises over and beyond his term. Deponent further says that he has tendered all rents alleged to be due in the manner and custom as heretofore made by the payments of such rents and that he now tenders said rents. Deponent further says that said plaintiff has not complied with the Rent Control Regulations of the O. P. A. and with the laws of Georgia in reference to the eviction of a tenant by dispossessory warrant. Raymond S. Carson. Sworn to and subscribed before me, this 9th day of May, 1947. C. R. Little, N. P. Fulton County, Ga."

The case proceeded to trial, and it was admitted that the tenant was in arrears with the rent, and that C. A. Adair was the landlord. Adair testified, and on cross-examination counsel for the defendant sought to question him as to whether any demand for possession of the premises had been made on the defendant before the dispossessory-warrant proceeding was instituted. Counsel for the defendant objected to the question and answer thereto on the ground that no denial of demand had been made in the tenant's counter-affidavit, and that this was not an issue in the case. The objection was sustained, and the testimony sought to be elicted as to demand for possession was disallowed. The defendant's motion for a new trial was overruled; and, on the premises had been made on him prior to the issuance of the dispossessory warrant. The attorney for the plaintiff objected to this testimony on the ground that demand for possession had not been denied in the counter-affidavit, and that no issue as to demand was raised by the counter-affidavit. The objection was sustained and the evidence was excluded.

Judgment was rendered by the trial judge in favor of the plaintiff for the possession of the premises and for double rent. The defendant Carson testified that no demand for possession of appeal, that judgment was affirmed by the Appellate Division of the Civil Court of Fulton County. The defendant excepts to

the rulings disallowing the evidence as to demand for possession, and to the judgment affirming the overruling of his motion for a new trial.

■ The controlling question in this case is whether or not the trial judge erred in excluding the evidence to the effect that no demand for possession of the premises had been made before the dispossessory-warrant proceeding was sued out. A demand upon the tenant to deliver possession of the premises to the landlord is a condition precedent to the landlord's right to dispossess the tenant, under the provisions of the Code, § 61-301. *Bussell* v. *Swift*, 50 *Ga. App.* 148 (177 S. E. 277). It was alleged, and properly so, in the landlord's affidavit to obtain the warrant that he had made demand on the tenant for the possession of the premises, and this was not denied by the defendant in his counter-affidavit. "Allegations of fact as the basis for the issuance of a warrant to dispossess a tenant, contained in the landlord's affidavit upon which the warrant issued, which are not denied by the tenant in his counter-affidavit, will be treated as admitted. Where the landlord's affidavit contains an allegation that he has demanded possession of the premises, and the tenant's counter-affidavit denies only that the rent is due and does not deny that demand has been made for possession of the premises, such demand will be treated as an admitted fact." *Graf* v. *Shiver*, 36 *Ga. App.* 532 (2) (137 S. E. 283), and citations.

Where the landlord in the affidavit to obtain the warrant alleged that a demand for the possession of the premises had been made on the defendant, and the defendant in his counter-affidavit failed to deny this, no issue as to demand was raised by the counter-affidavit. *Mitchell* v. *White*, 74 *Ga.* 327 (2); *Hindman* v. *Raper*, 143 *Ga.* 643 (2) (85 S. E. 843); *Bowling* v. *Hathcock*, 27 *Ga. App.* 67 (2) (107 S. E. 384). The statement contained in the counter-affidavit that the plaintiff had not complied with the laws of Georgia in reference to the eviction of a tenant by dispossessory warrant was not a denial of the allegations of demand for possession made in the affidavit for the warrant. No issue as to demand being raised by the counter-affidavit, and there being no offer to amend in that respect, the court did not err in excluding the evidence as to demand, offered by the defendant, upon timely objection thereto. *Ginn* v. *John-*

*son*, 74 *Ga. App.* 35 (38 S. E. 2d, 753), cited and relied on by the plaintiff in error, is distinguishable from the present case, in that there evidence that no demand for possession had been made on the tenant was admitted without objection, and after judgment that would not be a valid ground for the grant of a new trial, as failure in the counter-affidavit to deny demand is an amendable defect.

■ The trial judge did not err in overruling the defendant's motion for a new trial; and the Appellate Division of the Civil Court of Fulton County did not err in affirming that judgment.

*Judgment affirmed. Felton and Parker, JJ., concur.*