## 32587. BATTLES *v.* ANCHOR ROME MILLS INC.

DECIDED SEPTEMBER 10, 1949.   REHEARING DENIED SEPTEMBER 23, 1949.

*Wright & Scoggin,* for plaintiff in error.
*Matthews, Owens & Maddox,* contra.

SUTTON, C. J. Anchor Rome Mills Incorporated instituted a dispossessory-warrant proceeding against Frank Battles, as tenant, for the possession of certain described premises located in Rome, Georgia; and the affidavit upon which the warrant issued was made by J. W. Cooper, who swore that he was an agent and officer, the treasurer, of Anchor Rome Mills Incorporated, and,

as such, was authorized to make the affidavit. The affidavit alleged that said tenant fails to pay the rent due for the described premises; and that said tenant holds possession of said house and premises over and beyond the term for which the same were rented to him, although due demand had been made upon the tenant by the landlord for the possession of the same. The defendant filed a bond and counter-affidavit in which he alleged "that he has not failed to pay rents as alleged in said eviction affidavit, but to the contrary, shows that he has tendered, and now tenders, payment in full of any rents due to said Anchor Rome Mills Inc." The defendant made no denial that he was holding possession of the premises over and beyond his term, or that due demand therefor had been made upon him. The plaintiff demurred generally to the counter-affidavit on the grounds: (a) that no defense is set out therein; (b) that it does not negative the legal grounds for eviction set forth in the affidavit; (c) that it is insufficient to constitute a defense to the eviction proceeding; and demurred specially on the grounds: (a) that it fails to allege what and how much was tendered, and when such tender was made and refused; (b) that it fails to allege that said tender is continuing and that there is a present readiness, ability, and willingness to pay said rent; and (c) that it fails to allege that said rent admitted to be due has been paid into court. The trial judge sustained the demurrer to the counter-affidavit and dismissed the same, and the defendant excepted and assigns error on that judgment.

■ The contention of the paintiff in error in his brief in this court, that the affidavit made by the agent and officer of the plaintiff corporation was not sufficient to authorize the issuance of the dispossessory warrant because such agent was not a duly-licensed attorney at law, cannot be sustained. This question has been decided adversely to the contention of the plaintiff in error by the Supreme Court in Connor v. O'Brien, 198 Ga. 221 (31 S. E. 2d, 399), where it was ruled that "There is nothing in the act approved March 30, 1937 (Ga. L. 1937, p. 753), which makes it unlawful in dispossessory-warrant proceedings for an agent who is not a duly-licensed attorney at law to swear out the warrant upon which the proceedings are based;" and that said act of 1937 does not expressly or impliedly repeal the portion of

the Code, § 61-301, which provides that "the owner, his agent, or attorney at law or attorney in fact" may make oath as to the facts for the issuance of a dispossessory warrant. This seems to be the only point or contention relied on by the plaintiff in error in his brief in this court.

■ Code § 61-301 provides, among other things, that a tenant may be dispossessed where: (1) he "shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him," or (2) "shall fail to pay the rent when the same shall become due." The affidavit upon which the dispossessory warrant was issued in this case alleged both of these grounds, that is, that the tenant was holding over and beyond his term, and that he had failed to pay the rent when it was due. The defendant in his counter-affidavit did not deny that he was holding over and beyond his term, and consequently this ground of the affidavit upon which the warrant was based will be treated as admitted by the defendant. *Graf* v. *Shiver*, 36 *Ga. App.* 532 (2) (137 S. E. 283); *Davenport* v. *Whittier Mills Co.*, 74 *Ga. App.* 495 (40 S. E. 2d, 148), and citations. This in itself was sufficient to authorize the eviction of the defendant from the premises.

The defendant in the counter-affidavit merely alleges "that he has not failed to pay rents as alleged in said eviction affidavit, but to the contrary, shows that he has tendered payment in full of any rents due to said Anchor Rome Mills Inc." As pointed out by the plaintiff in its demurrer, the counter-affidavit does not allege or show what or how much was tendered, or when such tender was made or refused, or that the tender was continuing, or that there was a present readiness, ability, and willingness to pay the rent, or that the rent admitted to be due had been paid into court. The plea of tender with respect to the rent was insufficient. See *Cothrans* v. *Mitchell*, 54 *Ga.* 499; *McGehee* v. *Jones*, 10 *Ga.* 127, 132; *Angier* v. *Equitable Building & Loan Assn.*, 109 *Ga.* 625 (2) (35 S. E. 64); *Jones* v. *Peacock*, 29 *Ga. App.* 240 (114 S. E. 646); Code, § 20-1105.

The trial court did not err in sustaining the plaintiff's demurrer to the counter-affidavit and in dismissing the same, as no defense was set up by the counter-affidavit.

*Judgment affirmed. Felton and Worrill, JJ., concur.*