### 37105.  GOOLSBY *v.* McNAIR.

TOWNSEND, Judge.  1.  In a dispossessory warrant proceeding, those matters, and only those matters, which are alleged in the affidavit and denied in the counter-affidavit, are in issue. *Davenport v. Whittier Mills Co.*, 74 *Ga. App.* 495 (40 S. E. 2d 148); *Battles v. Anchor Rome Mills*, 80 *Ga. App.* 47 (2) (55 S. E. 2d 156).  It follows that where the affidavit upon which the dispossessory warrant is based alleges that "W. O. McNair desires possession of said house and lot, and has demanded from said Mrs. C. E. Goolsby possession of the same since said rent became due, but the said Mrs. C. E. Goolsby refuses and neglects to give possession of the same" and in the counter-affidavit the defendant "on oath says that the facts stated in the said affidavit to obtain said warrant are not true and the amount sued for is not due" this constitutes a denial of all material allegations of the affidavit, including demand, and the burden is placed upon the plaintiff to prove that a demand for possession of the premises was made and refused.

2.  "Under § 61-301 of the Code, before a tenant can be summarily dispossessed by his landlord of lands and tenements, for holding over and beyond his term or for failure to pay the rent when due, it must appear that a demand for the possession of the premises has been made upon him by his landlord or the landlord's agent, and that he has refused or failed to vacate. . . In the instant case the landlord in his affidavit alleged that he had made a demand upon the tenant for the

possession of the premises; and the tenant in his counter-affidavit denied that allegation. Upon the trial the evidence for the tenant showed that neither the landlord nor his agent had ever demanded of the tenant the possession of the premises; and the evidence for the landlord failed to show that such a demand had been made prior to the issuance of the dispossessory warrant. Therefore, the verdict in favor of the landlord was contrary to law and the evidence." *Jett* v. *Wolfe,* 75 *Ga. App.* 155 (1, 2) (42 S. E. 2d 505). In the present case the defendant presented no evidence. The plaintiff failed to prove that a letter written by the plaintiff's agent to the defendant had in fact been mailed, and made no attempt to show any other demand for possession of the premises prior to the suing out of the dispossessory proceedings, and accordingly failed to prove a condition precedent to the maintenance of the action. See *Wilensky* v. *Agoos,* 74 *Ga. App.* 815, 818 (41 S. E. 2d 565), and citations. Accordingly, the general grounds and special grounds 4 and 9 of the motion for new trial, raising this question, were meritorious.

3. It was not improper for the court to charge, as set out in special ground 8: "Where in a proceeding by the owner of premises to dispossess a tenant for nonpayment of rent when due, the landlord has not waived a strict adherence to the terms of the lease contract, it is not essential that the plaintiff should prove a demand for the payment of the rent prior to the execution of the proceeding." *Moore* v. *Collins,* 36 *Ga. App.* 701 (2) (138 S. E. 81). That a demand for payment of the rent and a demand for possession of the premises are two different things, see *Oastler* v. *Wright,* 201 *Ga.* 649, 653 (40 S. E. 2d 531).

4. The remaining special grounds, all of which contend that the trial court erred in expressing opinions as to what had been proved in the case, are without merit for the reason that the evidence was uncontradicted as to these issues.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED APRIL 15, 1958.

*Al Jennings,* for plaintiff in error.
*F. L. Clements,* contra.