41163. SPARKS et al. v. RINKER et al.

NICHOLS, Presiding Judge. ■ "The purpose of the Summary Judgment Act is to afford to either party litigant, upon motion, a judgment forthwith if the record shows there is not a genuine issue existing between the parties, but only after each party has had opportunity to make out his case, or establish his defense, as the case may be, and where, as in this case, if plaintiff in error, at the time of the hearing on the motion for summary judgment had any valid defenses, it was his duty to present same at that time." *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (2) (115 SE2d 374).

■ Where in a dispossessory proceeding a counter affidavit of

the tenant does not deny the relationship of landlord and tenant but merely alleges that the term of rent has not expired and that the tenant is not holding possession over and beyond the term and the evidence shows without dispute that the rents are past due a finding for the landlord is demanded. See *Davenport v. Whittier Mills Co.*, 74 Ga. App. 495 (40 SE2d 148).

In the present case the counter affidavit alleged that the term of rent had not expired and that the tenants were not holding possession over and beyond their term as alleged, and thereafter the landlords presented an affidavit in support of the motion for summary judgment in which they swore that the rents were past due and that possession had been demanded. Therefore, there being no countershowing to the affidavit filed in support of the motion for summary judgment by the tenant, the trial court did not err in granting the motion for summary judgment as there was no issue of fact to be decided by a jury.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

DECIDED FEBRUARY 11, 1965.

*William C. Calhoun*, for plaintiffs in error.

*Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.*, contra.