Dobbs *vs*. Prothro *et al*.

---

DAVID J. DOBBS, plaintiff in error, *vs*. WILSON PROTHRO *et al.*, executors, defendants in error.

Where suit is brought by executors against a legatee under the will of their testator, on an account for money alleged to be due, he cannot plead as a set-off the amount of his legacy, unless he shows the estate to be solvent, and in a condition to be distributed.

Executors and administrators. Legacy. Set-off. Before Judge KNIGHT. Cobb Superior Court. March Term, 1875.

This case is reported in the decision.

IRWIN & ANDERSON, for plaintiff in error.

W. T. & W. J. WINN, for defendants.

WARNER, Chief Justice.

The plaintiffs, as the executors of Evan Prothro, deceased, brought their action against the defendant on an account for $370 00, alleged to be due them as executors aforesaid. The defendant admitted the indebtedness as claimed by the plaintiffs, but pleaded as a set-off that the plaintiffs, as executors of Evan Prothro, were indebted to him, in right of his wife, who was a daughter and legatee of Evan Prothro, under his will, a much larger amount than plaintiffs' demand, as her legacy under her father's will, but the amount of the legacy

claimed to be due the defendant's wife, is not alleged in his plea. On the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiffs for the amount of the account sued for. The defendant made a motion for a new trial on the ground that the verdict was contrary to the evidence, contrary to law, and for alleged error in the charge of the court. The motion for a new trial was overruled, and the defendant excepted. In view of the evidence contained in the record, there was no error in the charge of the court to the jury, or in overruling the motion for a new trial. The court charged the jury, in substance, that to entitle the defendant to set-off the legacy claimed under the will of Evan Prothro against the plaintiffs' demand, he must plead and prove that the estate of Prothro was solvent; that there were no debts to be paid; that there was no reason why the executors should recover the money sued for but to pay it over to the defendant as a part of his distributive share; that if all these facts have been shown by the defendant in a tangible form so that you can take hold of them, then you will find for the defendant, otherwise you will find for the plaintiffs. The evidence in the record does not make out a clear *prima facie* case which will authorize the defendant to interfere with the due administration of the testator's estate by the plaintiffs, as his executors, by claiming his legacy as a set-off to their demand against him. There is no evidence as to the amount of the defendant's share as a legatee in right of his wife under the will of Evan Prothro, and the witnesses for the defendant state that they do not *know* of any debts against the estate; the testimony upon this material point in the case is merely of a *negative* character, whereas, it is shown by the evidence of one of the witnesses for the plaintiff that there is a suit now pending against the estate. The general rule is that a legatee under the will of a testator, is not entitled to be paid his or her legacy without the assent of the executor, or unless the estate in his hands is in such a condition as that a court of equity will compel his assent thereto. The evidence in the record now before us does not make such a case as a court of

equity would compel the executors of Evan Prothro to assent to the payment of the defendant's legacy, which he claims under the will of their testator.

Let the judgment of the court below be affirmed.