## SANDERS *vs.* WILLIAMS.

A judgment may be amended by order of the court, in conformity to the verdict on which it is predicated, even after execution has been issued.

(*a.*) Where a plaintiff in trover elected a verdict for the horse sued for and its hire, and the jury found for him the property, with three dollars per month as hire from the 14th day of February, 1883, and judgment was so entered, there was no error in allowing the judgment to be amended at a subsequent term, so as to provide that the hire at the rate specified should continue till the delivery of the property to the officer or to the plaintiff. This was in accord with the reasonable intendment of the verdict.

January 12, 1886.

Judgments. Amendment. Trover. ' Before Judge Eve. City Court of Richmond County.   March Term, 1885.

Reported in the decision.

F. W. Capers, Jr., for plaintiff in error.

Wm. H. Fleming, by brief, for defendant.

Hall, Justice.

In an action for the recovery of a horse and his hire, the plaintiff elected, under section 3564 of the Code, a verdict for the property and its hire, and, in accordance with this election, the jury found that the horse be returned to her, with three dollars a month, as damages, from the 14th day of February, 1883.   A judgment was entered on this verdict for the property, with $3.00 per month as hire from the time named in the verdict to the date of the same.   At a subsequent term of the court, and before the property had been delivered, the judgment was, on motion, amended so as to carry hire, at the rate specified, to the delivery of the property to the officer or to the plaintiff.

To this amendment, the defendant excepted, and he now assigns error on the judgment ordering it to be made.

It is well settled, and, indeed, the Code, §3494, expressly provides, that a judgment may be amended by order of the court, in conformity to the verdict on which it is predicated, even after execution issues.

The power to so amend it was not denied, but it was contended that the amendment went beyond the requirements of the verdict.   We cannot, however, sanction this position.   The verdict does not express in terms how long the monthly assessment of damages shall run; it merely specifies the date from which such damages shall commence, and the fair intendment is that put upon it by the court in ordering this amendment.   The jury could not have meant that the defendant should have the use of the plaintiff's

property for an indefinite time after the verdict without compensating her therefor at the rate fixed. If the defendant thought this allowance extravagant, he could have easily relieved himself of the burthen by complying with the verdict.

Judgment affirmed.