### 11051.   McCRARY *v.* CORBIN *et al.*

The law of this case was fixed and determined by the ruling of this court in *Corbin* v. *McCrary,* 23 *Ga. App.* 780 (99 S. E. 472); and therefore the trial judge did not err in dismissing the plaintiff's written motion, the purpose of which is precluded by the previous decision.

DECIDED MAY 5, 1920.

Motion to enter judgment; from Taylor superior court — Judge Howard.   October 2, 1919.

McCrary instituted a dispossessory-warrant proceeding against Corbin as his tenant holding over. The verdict was in favor of the plaintiff for the premises in dispute, and for $310 as double rent for the time the defendant held over up to the time of trial. The judgment was affirmed by this court. *Corbin* v. *McCrary,* 22 *Ga. App.* 474 (96 S. E. 445). Upon making the judgment of this court the judgment of the superior court that court, on oral motion of the plaintiff, entered in his favor an additional judgment covering such double rent of the premises from the time of the trial, and, in making this court's judgment of affirmance the judgment of the lower court, the subsequent and additional judgment was thus included. On writ of error this action of the lower court was reversed, this court holding that " On making the judgment of this court the judgment of the lower court in this case, that court erred in rendering another judgment for a sum of money additional to the amount of the original judgment." *Corbin* v. *McCrary,* 23 *Ga. App.* 780 (99 S. E. 472). Upon the return of the second remittitur from this court the plaintiff again, but by written motion, sought to establish the subsequently accruing claim for double rent " in connection with making said judgment [of this court] the judgment of Taylor superior court," praying that an issue be made thereon and submitted to a jury, and that a rule nisi be directed to the defendant and his sureties on the bond. This motion was dismissed by the trial judge, and the plaintiff excepted.

*Jule Felton,* for plaintiff.  *C. W. Fry,* for defendant.

JENKINS, P. J.  (After stating the foregoing facts.)

It is urged by counsel for the plaintiff that since, under the ruling made in *Clark* v. *Lee,* 86 *Ga.* 28 (12 S. E. 184), the liability of the surety on the bond given by the defendant in such a proceeding "is limited to the judgment obtained in this case," a gross miscarriage of justice would result if the plaintiff be not thus allowed to set up the additional judgment for subsequently accrued rent against the insolvent defendant and his bondsmen in connection with the proceeding to make the judgment of the court affirming the original recovery the judgment of the court below.  It is indeed manifest, under the terms of the statute itself, that the liability of the sureties on the bond given by the defendant in the eviction proceeding is for "such sum with cost as may be recovered against him [the defendant] on the trial of the case."  Civil Code, § 5387.  His liability is of course limited by the terms of his contract.  *Westbrook* v. *Moore,* 59 *Ga.* 204.  There has been a trial of the issue made in the court below, which has resulted in a verdict and judgment for the plaintiff in a stated sum, and this judgment has been unconditionally affirmed by this court.  In making the judgment of affirmance its own judgment, the most that the court below can do is to take it and enter it as it is.  To thus enter another, different, and subsequent judgment would not be an adoption of what has been adjudicated here.  This was what was held by this court when this case was last before it, and it is but the same question which again presents itself.  This court cannot permit its judgment to be altered under the guise of a proceeding taken to adopt it, even in furtherance of the time-honored maxim that "For every right there is a remedy."  When the law, as in this case, seems to afford no adequate remedy, the party aggrieved is limited to the employment of such equitable proceedings as may be taken in aid of his action at law.  See *Barrett* v. *Maynard,* 150 *Ga.* 82 (102 S. E. 896).

*Judgment affirmed.  Stephens and Smith, JJ., concur.*