## ADAMS, executor, *v.* BISHOP *et al.*

1. A testatrix by item 2 of her will bequeathed "to my youngest son, W. Bluford Adams, $1,000 out of the property coming to me at the death of my husband, W. M. Adams." The testatrix predeceased her husband without coming into possession of $1000 out of his property. It is held that W. Bluford Adams does not take the $1000 devised in item 2 of the will, for the reason that the testatrix never received any property from her husband, W. M. Adams.

(*a*) The question of ademption of a legacy is not involved in this case under the Civil Code (1910), § 3908, for the reason that the testatrix never became possessed of the property bequeathed in item 2 of the will.

2. It was not error for the court below in construing item 3 of the will of testatrix to hold that "the personal property mentioned in item 3 of said will, since the death of Eddie G. Bishop, is the property of W. R. Bishop and W. Bluford Adams," etc.

. No. 5659. June 22, 1927.

Construction of will. Before Judge Hutcheson. Campbell superior court. August 18, 1926.

*H. A. Allen,* for plaintiff. *L. S. Camp,* for defendants.

HILL, J. 1. This is an equitable petition brought by W. M. Adams as executor of the last will and testament of Mrs. P. A. Adams, praying the court to construe items 2 and 3 of her will. Omitting the formal parts of the will it is as follows:

---

Wills, 40 Cyc. p. 1914, n. 13, 15 New; p. 1919, n. 64; p. 1925, n. 18.

"I, Mrs. P. A. Adams, of said State and county, being of sound and disposing mind and memory, do make this my last will and testament.

"Item first. I give, bequeath and devise to my eldest son, W. R. Bishop, the following property, one thousand ($1000) dollars.

"Item second. I further bequeath and devise to my youngest son, W. Bluford Adams, one thousand ($1000) dollars out of the property coming to me at the death of my husband, W. M. Adams.

"Item third. I further bequeath and devise to my 2nd son, Eddie G. Bishop, my home, and one hundred acres of land, house furniture, and all remaining property found in my possession at my death, except my gold watch and chain,—said property to remain in his possession for and during his natural life, with this understanding: that my husband, W. M. Adams, shall share equally with said Eddie G. Bishop in the living and proceeds from the place during the natural life of said W. M. Adams; and I further direct that at the death of Eddie G. Bishop said property designated in item 3rd shall become the property of W. R. Bishop and W. B. Adams, with this understanding: that W. M. Adams shall still be entitled to one half of the proceeds from said place for and during his natural life.

"Item fourth. I further bequeath and devise to my daughter in law, Mrs. Ada Bishop, wife of W. R. Bishop, my gold watch and chain.

"Item fifth. I hereby constitute and appoint my husband and sons, W. M. Adams, W. R. Bishop, and W. B. Adams, executors of this my last will and testament. This 12th day of March, 1910."

When the case came on for trial it was agreed that no issue of fact was involved, and that the only questions were questions of law for the court. The case was therefore submitted to the court below, and he passed upon the same without the intervention of a jury, and rendered the following judgment: "The above petition for the construction of the will of Mrs. P. A. Adams, coming on for a hearing, and it being agreed by the plaintiff and the defendants that the court pass [upon] the same either in term or vacation without the intervention of a jury, and after arguments heard, it is considered, ordered, and adjudged that said will be and the same is hereby construed as follows:

"Par. (A) W. Bluford Adams does not take the $1000 herein

devised in item 2, for the reason that the testator never received any property from her husband, W. M. Adams; that said item contains a specific legacy which failed upon the failure of the testator to receive any property from her husband, W. M. Adams.

"Par. (B)   Under item 3 of said will W. R. Bishop is entitled to one fourth of the income from the 100 acres of land since the death of Eddie G. Bishop, and W. B. Adams is entitled to one fourth of the income of said 100 acres of land since the death of Eddie G. Bishop, and W. M. Adams is entitled to one half of the proceeds from said place during the remainder of his life; that the fee-simple title of said 100 acres of land is in W. Bluford Adams and W. R. Bishop, subject to the charge in favor of W. M. Adams to the extent of one half of the proceeds therefrom; that the personal property mentioned in item 3 of said will, since the death of E. G. Bishop, is the property of W. R. Bishop and W. Bluford Adams.   Said item is construed to mean that W. M. Adams shall have the right to live on said premises for and during the remainder of his life.   It is ordered that W. M. Adams pay one half of the cost of this proceeding, and that the defendants W. R. Bishop and W. Bluford Adams pay one half of the cost of this proceeding."

To this judgment the executor excepted.   It appears that Eddie G. Bishop, referred to in item 3 of the will, died intestate after the death of Mrs. P. A. Adams, the testatrix; that no property went into the hands of Mrs. P. A. Adams upon the death of her husband, W. M. Adams, as anticipated and set out in item 2 of the will, for the reason, as alleged, that W. M. Adams was living at the time of the death of Mrs. P. A. Adams, and is still in life. The main contention in this case arises from the construction placed by the lower court on item 2 of the will, which is as follows: "I further bequeath and devise to my youngest son, W. Bluford Adams, one thousand ($1000) dollars out of the property coming to me at the death of my husband, W. M. Adams." It is contended by the plaintiff in error that this item should be so construed as to allow him to pay W. Bluford Adams $1000, notwithstanding the testatrix did not receive any property prior to her death from her husband, W. M. Adams.   This contention is based on Civil Code § 3902, which is as follows: "Legacies may be either general or specific.   A specific legacy is one which

operates on property particularly designated. A gift of money to be paid from a specified fund is nevertheless a general legacy." We do not think that this section of the code is applicable to the present case. In the case of *Tennille* v. *Phelps*, 49 *Ga.* 532, the testator bequeathed to her nephews and nieces certain amounts of money, which was to be paid out of the proceeds of her plantation after paying the expenses arising from its management. At the time of the execution of the will in that case the testatrix owned, in addition to the plantation, certain slaves, and after her death the slaves were emancipated, and it became impracticable to carry out the scheme of the will of working the plantation and raising the money with which to pay the money legacies as provided in the will; and this court held that the testatrix intended the legacies bequeathed to her nephews and nieces to be paid only out of the profits to be made by working the plantation; that as this became impossible on the emancipation of the slaves, the legacies to the nieces and nephews failed; that it was impossible to carry out the scheme of the will, and that the legacies fell with it. So here, we are of the opinion that the scheme of the testatrix was to pay this legacy of $1000 to her son out of certain money which she expected to derive from the estate of her husband, but that scheme of the will failed, inasmuch as the testatrix died before her husband without having received the $1000 from his estate; and therefore we think that the bequest of $1000 to her son, which was to be derived from the source above indicated, fell. See also, in this connection, the case of *Ezell* v. *Head*, 99 *Ga.* 560, 570 (27 S. E. 720), where Justice Atkinson, in speaking for the court, said: "In the case of *Tennille* v. *Phelps*, 49 *Ga.* 532, this court says: 'It is unquestionably true that a testator may so charge a money legacy upon a particular fund as to make the legacy follow the fate of the fund.' If this be true with respect to a money legacy, how can it be questioned as applied to a legacy which is to be paid, not in money, but in kind?" The question of ademption of a legacy is not involved in this case. A legacy is adeemed where the testator after making his will delivers over the property bequeathed, or pays the money to the legatee during his life in lieu of the legacy given, etc. Civil Code (1910), § 3908. In the instant case the testatrix never became possessed of the property bequeathed in item 2 of the will.

2. It is also insisted that the court below erred in his construction of item 3 of the will, in so far as that item had reference to personal property. It is further insisted that the property bequeathed in item 3 consisted of certain personal property in addition to the 100 acres of land mentioned, such as household furniture and money, and therefore that it was error for the court to hold that "the personal property mentioned in item 3 of said will, since the death of Eddie G. Bishop, is the property of W. R. Bishop and W. Bluford Adams." We are of the opinion that the court below properly construed item 3 of the will. By reference to item 3 it will be observed that the testatrix bequeathed to her second son, Eddie G. Bishop, her "home, and 100 acres of land, house furniture, and all remaining property found in my possession at my death, . . said property to remain in his possession for and during his natural life, with this understanding: that my husband, W. M. Adams, shall share equally with said Eddie G. Bishop in the living and proceeds from the place during the natural life of said W. M. Adams; and I further direct that at the death of Eddie G. Bishop said property designated in item 3 shall become the property of W. R. Bishop and W. B. Adams, with this understanding: that W. M. Adams shall still be entitled to one half of the proceeds from said place for and during his natural life." We are therefore of the opinion that the trial court correctly held that the personal property mentioned in item 3 of the will, since the death of Eddie G. Bishop, is the property of W. R. Bishop and W. Bluford Adams.

<em>Judgment affirmed. All the Justices concur.</em>