ADAMS, executor, *v.* BISHOP *et al.*

No. 7243. JANUARY 16, 1930.

*Lester C. Dickson,* for plaintiff in error.

*Lawrence S. Camp, M. Smith,* and *Lowndes Calhoun,* contra.

BECK, P. J. This case came to this court on exceptions to a judgment overruling and denying exceptions to the report of an auditor. It appears from the pleadings and the statement of facts adduced upon the hearing of the case before the auditor, that, on March 12, 1910, Mrs. P. A. Adams, who died in the year 1926, executed her last will and testament. Under this will her husband, W. M. Adams, the plaintiff in error, was to receive a life-estate in one half of the proceeds of a farm of 100 acres. An afflicted son of Mrs. Adams by her first husband received the other half of the proceeds of the farm; also all other property of Mrs. Adams, except $1000 in cash, which was bequeathed to W. R. Bishop, one of the defendants in error. It was provided in the will that after the

death of the afflicted son all of the property was to be equally divided between W. R. Bishop, another son of the testator by her first husband, and W. B. Adams, a son by her second husband, W. M. Adams; except that the husband, W. M. Adams, was·to have a home and one half of the proceeds of the farm during his life. W. R. Bishop and W. B. and W. M. Adams were named as executors; but only W. M. Adams qualified. The afflicted son died in 1922. Eight or nine years after the will was probated, W. M. Adams, who had qualified as executor, filed a petition seeking a construction of the will of his deceased wife; and in due course the judge of the trial court rendered a judgment construing the will. To that judgment the executor excepted and brought the judgment to this court for review. The judgment was affirmed. The construction placed upon the will and the will itself may be seen by reference to *Adams* v. *Bishop,* 164 *Ga.* 367 (138 S. E. 849). Afterward, in June, 1927, W. R. Bishop filed an application to the court of ordinary, praying for a citation of the executor to a settlement; and this was carried by appeal to the superior court. That court appointed an auditor to hear and determine the issues involved. After hearing evidence the auditor filed his report, to which the executor filed exceptions both of law and of fact. The judge overruled the exceptions, and upon this judgment the executor assigns error.

■ Most of the exceptions of fact to the auditor's report show no attempt to comply with the rule that the material evidence to be considered in connection with the exceptions shall be set forth in the exceptions, or the page of the record where the evidence can be found shall be specified. Upon examination of those exceptions that sufficiently comply with the rule referred to, and a consideration of the evidence in the record in connection therewith, it is apparent that the auditor was authorized to make the findings excepted to.

■ The most important question raised by the exceptions is that in which objections are raised to the finding wherein the auditor charges W. M. Adams with liability for rent for the years 1923-1928, inclusive, in the sum of $225. We are of.the opinion that the evidence authorized this finding, and that the exception to it was properly overruled. The auditor was authorized to find that W. R. Bishop was entitled to have "half of the proceeds of the farm."

The executor had had the use and benefit of the farm for twelve or thirteen years. It is true that by evidence he showed that the land he cultivated as a farm amounted to only ten or fifteen acres. There was evidence tending to show the amount for which this farm could have been rented, and that if a reasonable rental had been obtained W. R. Bishop would have received the amount that the auditor found for him under this item. There was evidence tending to show that the executor kept this estate in his hands for an unreasonable time, making no effort to wind up its affairs, and very little effort to discharge his duties as executor. While he was entitled to occupy the place during his life, one half the "proceeds" was to be paid over to W. R. Bishop. Suppose that the executor had refused to cultivate any of the land, but allowed it all to go uncultivated, could he thus, by sitting down and remaining absolutely inert, have prevented the legatee who was entitled to "half the proceeds" from receiving any benefit under this provision of the will? It would seem not. If this executor had himself cultivated the land, made a reasonable effort to make it productive, a division of the product of the farm with his colegatee would have met the requirements of the will. But where he cultivated only a negligible portion of the farm, and in consequence thereof the proceeds were negligible, as the auditor was authorized to find, he could not discharge himself of obligation by turning over half of the insignificant returns to his colegatee. As is contended in the brief of counsel for defendant in error, the plaintiff in error not only related himself to this estate as an executor, but he related himself to it as an individual; and he failed and refused to account to himself as an executor for the rents and profits of the farm, such as he might have obtained had he exercised due diligence. And where he refused for years to come to a settlement with his colegatee, as there was evidence to show, he could not take advantage of his own neglect to make the farm reasonably productive, inasmuch as he saw fit not to lease it out and made no attempt to secure a tenant for it. See, in this connection, *Burks* v. *Beall*, 77 *Ga.* 271 (3 S. E. 155).

■ As already seen, a petition was filed by the executor asking for a construction of the will of Mrs. Adams; and the case was carried by writ of error to the Supreme Court, for review of the decision of the trial judge. The executor employed counsel, and

became liable for a fee of $100. This was not an exorbitant fee. Apparently, the executor had a right to ask for a construction of the will, and the fact that he had delayed several years before filing this petition for such construction did not divest him of the right to employ counsel to make the application to the courts for action in the matter. We are of the opinion that the auditor should have allowed the executor this amount in striking the final balance; and direction is given that credit for the stated attorney's fee be entered upon the amount found against the plaintiff in error.

■ The ruling stated in the fourth headnote requires no elaboration. *Judgment affirmed, with direction. All the Justices concur.*