20480. ADAMS *v.* BISHOP *et al.*

STEPHENS, J. 1. A tenant in common may recover his proportionate share of the rents from another tenant in common when the latter holds possession adversely. *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712).

2. Where two tenants in common acquired title to lands as legatees under a will, and another legatee, who was executor, was entitled to half the rents and profits of the lands during his life, the two legatees who were tenants in common were entitled to the other half, and where one of the legatees moved onto the lands and lived there with the executor, and they appropriated the lands and the rents and profits therefrom to their own use and to the exclusion of the interest of the estate and of the other legatee, in a suit for an accounting brought against the executor and the legatee living on the lands with him, by the other legatee, in which the executor and both legatees were parties, an auditor, to whom the case was referred with power to pass upon the law and the facts, was, where the evidence authorized inference of fact as above indicated, authorized to find that the executor and the legatee living with him on the lands were, as tenants, liable to the two tenants in common for one half of the rental value of the lands, and to account to the legatee not living on the lands for the latter's proportionate share of the rents. *Adams* v. *Bishop,* 169 *Ga.* 762 (151 S. E. 377).

3. A legatee can not as a matter of right set off his distributive share in the estate against a debt due by him to the estate, unless it appears that the estate is solvent. *Dobbs* v. *Prothro,* 55 *Ga.* 73; Civil Code (1910), § 4346.

4. Where the legatee who was the cotenant living on the lands was indebted to the estate, and it did not appear that the estate was solvent, the auditor was authorized in finding that this indebtedness should be paid to the estate and that the legatee owing it could not set off his distributive share of the estate against this debt. Where, after an adjustment of all the equities between the legatees and the executor arising out of their conduct in dealing with the assets of the estate, the auditor found that the legatee indebted to the estate should pay to the estate only one half of the debt, this legatee could not complain that the auditor found that it should be paid to the executor of the estate for the use of the other legatee.

5. Applying the above rulings, the judge of the superior court properly overruled the exceptions made by the legatees living on the lands to the auditor's findings on both law and facts, and the judgment entered by the judge of the superior court in the name of the executor for the use of the legatee not living upon the lands, against the other legatee, in the amounts found by the auditor as due by the latter legatee to the other legatee, was authorized by the law and the evidence. See further, in this connection, *Adams* v. *Bishop,* 164 *Ga.* 367 (138 S. E. 849), and *Adams* v. *Bishop,* 170 *Ga.* 238 (152 S. E. 108).

6. The only assignment of error in the bill of exceptions to the final judgment of the court is that it is "contrary to law," and that the court erred in rendering judgment "on each and all of the grounds of error set forth in his exceptions of fact." There being no exception to the

final judgment upon the ground that it was rendered without referring to a jury the exceptions of fact to the auditor's report as provided in section 5141 of the Civil Code of 1910, the question whether the court erred in not referring the exceptions of fact to a jury is not presented for consideration.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1931.   REHEARING DENIED FEBRUARY 28, 1931.

*Lowndes Calhoun, M. Smith,* for plaintiff in error.
*Lawrence S. Camp, Lester C. Dickson,* contra.