## Powell et al., Execs., v. Bright

*Shields, Clark, Brown & McCown,* for plaintiffs.
*Duane, Morris & Heckscher,* for defendant.

MacNeille, J., July 18, 1939.—We are considering plaintiffs' motion for judgment for want of a sufficient affidavit of defense and reply in lieu of a demurrer to new matter.

The suit is on notes made by defendant to the order of Anna Linn Bright, now deceased. Under her will plaintiffs herein as her executors bring this suit.

Defendant sets up as new matter that Anna Linn Bright by her last will and testament provided, inter alia, in item third as follows:

"Third. I give and bequeath unto my brother, John Irwin Bright, such sum as he may be owing me at the time of my death for and during the term of his natural life, without interest."

Defendant therefore contends that no suit lies.

The statement of claim avers that on May 29, 1933, decedent presented the notes to the debtor and demanded payment at room 1535 Land Title Building and that defendant refused payment. On the same date, defendant, by letter, admitted that the notes were due and owing and that no interest had been paid thereon. This averment is not denied by defendant. Therefore under our rules it is admitted.

If it is true that a demand was made on May 29, 1933, the statute would expire on May 29, 1939, but the personal representatives of decedent caused a summons to be issued on May 15, 1939, and thereby tolled the running of the statute. It became necessary for the personal representatives to bring their suit within the time they did—otherwise defendant might plead the statute as to the averment of demand as contained in paragraph 6 of the statement of claim. Indeed, he might have pleaded the statute as against the acknowledgment of the debt on May 29, 1933, as set forth in paragraph 7 of the statement of claim. The personal representatives of decedent, under the interpretation which defendant contends should be given to the will, would be precluded from making any demand until the debtor's death should occur. Therefore, any demand made by them would be without force. It is clear then that the demand in this case depends upon paragraph 6 of plaintiffs' statement of claim and that if the running of the statute is to be avoided recovery must be in a suit such as plaintiffs are now bringing.

Neither counsel for plaintiffs nor for defendant have cited any cases in which the exact question here involved came before our appellate courts, and the only case that we have been able to find is that of Morgan v. Morgan et

al., Execs., 1 Monaghan 137, which came before our Supreme Court. In a per curiam opinion, the court there held as follows:

"The affidavit is clearly insufficient. It shows no defence against the note in suit. It will be time enough to pass upon questions of distribution arising under the will of Joshua Morgan when the account of his executors shall have been filed, and the matter comes before the proper orphans' court. The distribution cannot be made in the common pleas. For anything that appears in this record, the money due upon the note in controversy may be needed for the payment of debts. The right of the executors to collect the note cannot be successfully questioned."

Similar conclusions were reached in other jurisdictions in the case of Shane v. Dickson, 111 Ark. 353, 163 S. W. 1140, Watts v. Mayes (Mo. 1921), 232 S. W. 122, and Adams v. Bishop et al., 42 Ga. App. 811, 157 S. E. 523.

Under the authority of the above-cited case we must hold that the affidavit of defense and new matter filed in this case are not a defense against the notes on which the suit is based, and that the question to what distributive share defendant is entitled under the third item of the will, set forth above, will have to await the adjudication of the account of the executors before the proper orphans' court. This court has no authority to make distribution, and in reaching the conclusion we do we are not considering the question to what share defendant will ultimately be entitled.

Counsel for the executors in their brief have suggested that execution in this matter should be stayed for the present and this suggestion the court will follow. It might create an undue hardship on defendant to at this time compel him to pay the whole sum of money to the executors only to have all or a portion thereof repaid to him subsequently, either for life or absolutely.

For the reasons indicated, the rule for judgment for want of a sufficient affidavit of defense is made absolute

for the sum of $8,391.24, with interest at five percent on $2,891.24 thereof from May 17, 1928, to November 15, 1937, and with interest on $5,500 thereof at five percent from December 2, 1929, to November 15, 1937, and the reply raising questions of law is sustained. Execution to stay until further order of this court.