30087. SIMS *v.* SHOTKIN.

DECIDED OCTOBER 19, 1943.

*Walter A. Sims, Ralph G. Sims,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for defendant. *Bernard M. Shotkin,* pro se.

STEPHENS, P. J.  On the trial before the judge of the civil court of Fulton County, without a jury, on November 2, 1942, of an issue made by a counter-affidavit by the defendant, Bernard M. Shotkin, as tenant, to a warrant to dispossess him of rented premises, sued out by Walter A. Sims as landlord, on October 5, 1942, on the ground that the defendant had failed to pay the rent which was at the time past due, and was also holding the premises over and beyond the term, judgment was rendered for the plaintiff against the defendant for possession of the premises, and against the defendant as principal, and against the surety on the bond filed by the defendant to arrest the dispossessory proceedings, for $150 as double rent for the month of October, 1942.  The defendant's oral motion for new trial, which had been duly and timely made, came on for a hearing before the trial judge on November 16, 1942. On that date the motion for new trial was overruled.  In the order overruling the motion for new trial, the judge provided that "the judgment theretofore rendered is amended so as to include future rental after Oct., 1942, at the same rental of one hundred and fifty dollars per month."  Within the time provided by law the defendant entered an appeal to the appellate division of the civil court.  The only assignment of error in the appeal was on the overruling of the motion for new trial, as follows: "The said motion for new trial was overruled on each and all of the grounds as stated, and the case thus terminated illegally.  Appellant then and there excepted, and now excepts and assigns error thereon as being contrary to law, and says that the court erred in overruling said motion for new trial on each and all of the grounds thereof as aforesaid."  Neither in the appeal to the appellate division, nor elsewhere in the record, is there an assignment of error on the judgment contained in the order overruling and denying the motion for new trial, that the judgment for double rent for the month of October, 1942 was

amended so as to include "future rental" after October, 1942, in the sum of $150 per month as double rent. The appellate division, on a consideration of the appeal, on February 16, 1943, affirmed the judgment of the trial court finding for the plaintiff double rent for the month of October, 1942, but in addition thereto provided that "we modify" the judgment of the trial judge "in overruling the motion for new trial wherein said order provides for double rent from date of original judgment," and held that "double rent can. not be assessed after judgment." The plaintiff excepted to the judgment of the appellate division in so far as it set aside the judgment of the trial judge contained in the order overruling the motion for new trial that the original judgment be amended so as to include future rents accruing after the date of that judgment. Error is assigned on this portion of the judgment, on the ground that the appellate division, in so ruling, "held that the trial judge could not amend the judgment of the court during the term at which the judgment was rendered," and that such judgment was error and contrary to law, and that the "judgment of the trial court should have been affirmed without qualification."

In the motion for new trial the defendant assigned error on the original judgment of November 2, 1942, finding for the plaintiff double rent for the month of October, 1942, on the ground that the judgment was without evidence to support it and was contrary to law. Whether the assignment of error is sufficient to reach the judgment as amended by the order of the court passed on November 16, 1942, amending the original judgment by providing that it "include future rental after October 1942," is dependent on whether the amendment of November 16, 1942, relates to and becomes a part of the judgment of November 2, 1942. By the terms of the judgment of November 16, 1942, purporting to amend the original judgment of November 2, 1942, it is expressly provided that it is an amendment to the original judgment of November 2, 1942, by enlarging this original judgment so as to make the original judgment include "future rental after October 1942." There is no exception by the defendant to the right or power of the court to amend the original judgment. The original judgment of November 2, 1942, as thus amended by the purported amendment of November 16, 1942, which increases the amount of the original judgment, is manifestly favorable to the plaintiff, and the plaintiff

nowhere excepts to this amendment. The plaintiff excepts to the judgment of the appellate division in so far as it operates to overrule and to strike the amendment of November 16, 1942, increasing the amount of the original judgment of November 2, 1942. This necessarily means that the plaintiff asserts and relies on the validity of the amendment of November 16, 1942, amending and increasing the amount of the judgment of November 2, 1942. The plaintiff therefore must be held to the proposition that this amendment relates to and becomes a part of the original judgment. Therefore the amendment of November 16, 1942, amending and increasing the judgment rendered for the plaintiff on November 2, 1942, as respects this case, may be considered as relating to and being a part of the original judgment. The original judgment, as thus amended, is reached by the assignment of error in the defendant's motion for new trial that it is without evidence to support it and is contrary to law.

Is the judgment of November 2, 1942, as amended by the judgment of November 16, 1942, which provides for judgment for the plaintiff for double rent for the month of October, 1942, and for future rental after October, 1942, without evidence to support it and contrary to law?

It is provided in the Code, §§ 61-303, 61-304, 61-305, that where a warrant to dispossess a tenant has been issued, he may prevent the removal of himself and his goods from the premises by filing a counter-affidavit denying the right of the plaintiff to dispossess him, and giving a bond for payment of such sum, with costs, as may be recovered against him on the trial of the case; and that if the issue be determined against him, judgment shall go against him for double rent, and the "plaintiff shall have a writ of possession, and shall be by the sheriff, deputy, or constable placed in full possession of the premises." Since, on the rendition of a judgment in a dispossessory proceeding, the tenant is to be immediately ejected and the landlord put in possession of the property, it is certainly clearly within the contemplation of the statute that the judgment for double rent be only for the period of time during which the premises were occupied by the tenant as a tenant holding over, and until the date of the judgment. This is true notwithstanding the tenant may have continued to remain in possession of the property, after having excepted to the judgment of eviction and double

rent. In *Corbin* v. *McCrary,* 23 *Ga. App.* 780 (99 S. E. 472), it was held that where the landlord in a dispossessory proceeding had recovered judgment for double rent to the time of the trial, and this judgment was affirmed by the Court of Appeals, it was error for the trial court, when making the judgment of the Court of Appeals the judgment of the trial court, to render another judgment against the defendant and his sureties on the bond, for an increased sum as double rent of the premises since the rendition of the verdict and the original judgment in the case. See *Crider* v. *Hedden,* 26 *Ga. App.* 737 (107 S. E. 345). Therefore the judgment of the court as amended, in so far as it found rent for a future period of time after the date of the original judgment, was contrary to law.

In *Brown* v. *Tyson,* 150 *Ga.* 598 (104 S. E. 420), in which it was held that where, in a suit in ejectment, the defendant remained in possession of the property pending the disposition of his case on writ of error to the Supreme Court, the plaintiff was entitled, after affirmance of the judgment in the Supreme Court, to amend his original judgment for mesne profits, and recover for such profits as had accrued between the date of the original judgment and the making of the judgment of the Supreme Court the judgment of the court below, the amended judgment being for profits which had accrued during the defendant's possession of the property, and not for any future profits which had not accrued. It is suggested that under this judgment finding against the tenant for rent accruing in the future, after the date of the original judgment, the plaintiff would be remediless, and could not recover rent from the tenant for the period during which the tenant might occupy the premises from the rendition of the original judgment until an eviction of the tenant after the final disposition of the case in the appellate court. Whether or not the plaintiff is remediless in this respect is not a matter for consideration by this court in determining the rights of the parties as respects a judgment for double rent on the issue formed by the counter-affidavit by the tenant to the warrant to dispossess him. It is possible that under a proper construction of the Code, § 61-401, the landlord may, by distress warrant against the tenant, recover double rent for the period of time during which the tenant remains in possession of the premises after the rendition of the original judgment on the issue formed by the counter-

affidavit to the warrant to dispossess, and during the pendency of his case in the higher courts. The cited section is a codification of an act of 1811 as it appears in Cobb's Digest, page 901. In the act as it there appears, it is provided expressly that where a tenant refuses to give possession of the premises at the end of his lease, the landlord may by distress warrant recover double rent for the period during which the tenant holds over. In *Sanders* v. *Williams, 75 Ga. 283,* a plaintiff in trover for conversion of a horse had, on his election, recovered a verdict for the property, and for its hire in a specified sum as damages from a named date. A judgment was rendered on the verdict in the amount found, from the date named in the verdict to the date of the judgment. At a subsequent term of the court an amendment was allowed, making the judgment one for the hire of the horse at the rate specified in the verdict to the time of the delivery of the horse to the officer or to the plaintiff. In that case the judgment was so amended as to make it conform to the verdict. In the case now before the court the judgment rendered by the judge acting without a jury, which was in effect a verdict, was itself amended by an order of the court changing the intendment of the verdict. The ruling in *Sanders* v. *Williams,* supra, is clearly not authority for sustaining the action of the trial judge, in the case now before this court, in amending and changing the original judgment which was in effect a verdict. The appellate division of the civil court did not err in modifying the judgment of the trial judge in overruling the motion for new trial, wherein the original judgment as amended provided for double rent after the date of the judgment.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. My view of the question here involved is called a dissent, for the reason that the import of the majority opinion is that a verdict and judgment for double rent up to the time of the trial cannot and does not include double rent after the time of the trial and until the premises are surrendered to the plaintiff by the defendant. The Code, § 61-303, provides that a tenant may arrest dispossessory proceedings by certain sworn declarations, provided he shall at the same time tender a bond with good security for the payment of such sum, with costs, "as may be recovered against him on the trial of the case." My interpretation of the provision quoted is that it refers to the time of the judgment,

and does not expressly or by implication mean that the judgment can include only the amount of double rent due at the time of the trial. A jury trying such a case obviously could not ordinarily have facts or information upon which to render a verdict for double rent subsequently to the trial. In *Sanders* v. *Williams,* 75 *Ga.* 283, the jury found for the plaintiff in trover against the defendant for the property, with three dollars per month as hire from February 14, 1883, and judgment was so rendered. It was there held that at a subsequent term the judgment could be so amended as to provide that the hire at the rate specified should continue until the delivery of the property to the officer or to the plaintiff. A verdict can not be aided by evidence outside of the record, *Jones* v. *Whitehead,* 167 *Ga.* 848 (5) (146 S. E. 768), and allowance of the amendment was simply an interpretation of the verdict and a statement of its legal effect. It would seem to me that the amendment was unnecessary; but if it was, in the case before us the judgment was amended, which, under the circumstances, had the same effect as an amendment of the verdict and the judgment would have had. This would seem to be true because ordinarily there is no issue before a jury, in a dispossessory proceeding, on the question of double rent after trial. Nobody knows whether there will be such a liability or not. A similar situation applies to the recovery of mesne profits after trial. One reason given why a judgment for mesne profits includes those after trial is that there can be no separate suit for mesne profits accruing after trial. *Brown* v. *Tyson,* 150 *Ga.* 598 (supra). It would seem that the same reasoning applies in such a case as we have here. The issue as to the tenant's illegal holding has been tried; and in case of an appeal on pauper's affidavit in lieu of a supersedeas bond, a new demand could not be made on which to base another action. There can be no separate action for double rent. The right to double rent is an incident to the dispossessory proceedings. The controlling reason which impels me, regardless of technical niceties, is that. the policy of the law is that a tenant may not hold possession of rented premises, when a dispossessory warrant has been issued against him, without giving the required bond, whether the possession is held before the trial or thereafter. See *Morrison* v. *Roberts,* 195 *Ga.* 45 (23 S. E. 2d, 164), and cit. The law would be exceedingly inconsistent if it refused to allow a tenant to retain possession in the first instance

without bond, and did allow him to retain possession after the case is tried and decided against him, by appealing the case and filing a pauper's affidavit in lieu of a supersedeas bond. The original bond, and the verdict and judgment, in my opinion, cover the period of time from the demand to the time the premises are surrendered, or the tenant is ousted by an officer. In *Corbin* v. *McCrary,* 23 *Ga. App.* 780 (supra), this court held that the lower court had no authority to enter a second judgment covering double rent from the date of the original judgment, which was for a definite sum for double rent up to the time of the trial, to the time the judgment of this court affirming the judgment of the lower court was made the judgment of the lower court. An examination of the record in that case will reveal that no evidence was submitted to the court as to when the tenant surrendered possession. The ruling might well have been based on the reasoning in *Brown* v. *Tyson,* supra, that the tenant was entitled to contest the issue as to how much rent was due since the trial. Nothing to the contrary was ruled in *Crider* v. *Hedden,* 26 *Ga. App.* 737 (supra). No question was there raised, or in the cases there cited, as to the question here involved, and the reference to recovery of double rent up to the time of trial was obiter. A verdict and judgment for double rent, however stated, includes double rent after the trial and until the premises are surrendered, and it is not error to make the judgment expressly so state.