31629. GAULTNEY *v.* ADAMSON.

. DECIDED JULY 11, 1947.

*Sam F. Lowe Jr.,* for plaintiff.
*C. E. Moore, E. L. Fowler,* for defendant.

SUTTON, C. J. (After stating the foregoing facts.) █ The trial judge did not err in sustaining the demurrer and in dismissing the plaintiff's motion to amend. the judgment so as to include double rent on the premises involved from the date of the trial to the date when the defendant surrendered possession of the premises to the plaintiff. It is provided by the Code, §§ 61-303,

61-304, that where a warrant to dispossess a tenant has been issued, he may prevent the removal of himself and his goods from the premises by filing a counter-affidavit denying the right of the plaintiff to dispossess him and by giving a bond for the payment of such sum, with costs, as may be recovered against him on the trial of the case. Code, § 61-305, at the time of said judgment provided: "If the issue specified in the preceding section shall be determined against the tenant, judgment shall go against him for double the rent reserved or stipulated to be paid, or if he shall be a tenant at will or sufferance, for double what the rent of the premises is shown to be worth; and the movant or plaintiff shall have a writ of possession, and shall be by the sheriff, deputy, or constable placed in full possession of the premises." It was held in *Sims* v. *Shotkin,* 70 *Ga. App.* 68, 71 (27 S. E. 2d, 466) : "Since, on the rendition of a judgment in a dispossessory proceeding, the tenant is to be immediately ejected and the landlord put in possession of the property, it is certainly clearly within the contemplation of the statute that the judgment for double rent be only for the period of time during which the premises were occupied by the tenant as a tenant holding over and until the date of the judgment. This is true notwithstanding the tenant may have continued to remain in possession of the property, after having excepted to the judgment of eviction and double rent." Therefore, under the law as it existed at the time the judgment in the present case was obtained, the plaintiff was not entitled to a judgment for double rent for a future period of time after the date of the judgment and until the defendant surrendered possession of the property. In this connection, also see *Corbin* v. *McCrary,* 23 *Ga. App.* 780 (99 S. E. 472) ; *McCrary* v. *Corbin,* 25 *Ga. App.* 262 (103 S. E. 194) ; *Crider* v. *Hedden,* 26 *Ga. App.* 737 (107 S. E. 345) ; *Allen* v. *Kendrick,* 29 *Ga. App.* 241 (114 S. E. 718).

The case of *Sanders* v. *Williams,* 75 *Ga.* 283, cited and relied on by the plaintiff in error, is distinguishable on its facts from the present case, and the ruling therein made does not authorize or require a ruling in this case different from the one herein made. For a discussion of the ruling made in that case as applied to the issues involved in a dispossessory-warrant case, see *Sims* v. *Shotkin,* supra. It is not contended by counsel for the plaintiff in

error that the act approved March 27, 1947 (Ga. L. 1947, p. 657), amending the Code, § 61-305, has any application to the issues made in the present case, as the judgment of the trial court in this case was rendered prior to the approval of that act.

*Judgment affirmed.   Felton and Parker, JJ., concur.*