31809. NORGAARD *v.* BELL.

DECIDED NOVEMBER 26, 1947.

204

*W. Owen Slate, Charles W. Bergman,* for plaintiff in error.
*Yantis Mitchell,* contra.

PARKER, J. The Code, § 61-401, after providing that a landlord may distrain for rent which is past due, or for rent not due if the tenant is seeking to remove his goods from the premises, provides that "if the tenant shall hold over after his term expires, the landlord may recover double rent for such time." As noted in the statement of the case, the affidavit in each of the distress warrants with which we are dealing alleged expressly that the tenant was holding over beyond her term, and each of the distress warrants claimed double rent on this ground.

The agreed statement of facts upon which the case was tried recites that Bell made his eviction affidavit in the dispossessory-warrant proceeding against Mrs. Norgaard on October 26, 1946, in which he alleged with other grounds "that she was holding over beyond her term"; that Mrs. Norgaard filed her counter affidavit in which she denied that she was holding over beyond her term, and denied the other allegations in the plaintiff's affidavit; that the dispossessory-warrant case was tried on November 18, 1946, and judgment rendered therein giving possession to the plaintiff and providing for double rent up to that time to be paid by the defendant; that the finding of the trial judge was affirmed by the appellate division on January 22, 1947, and on appeal to this court that judgment was affirmed on May 17, 1947. See *Norgaard* v. *Bell*, 75 *Ga. App.* 183 (42 S. E. 2d, 788).

Under these facts appearing in the statement of the facts agreed upon in the trial court, it is clear that the issue as to whether the defendant was holding over at the time the distress warrants were issued had been adjudicated against her by the judgment of the trial court which was later affirmed by this court. Under the statute cited (Code, § 61-401) a landlord may recover double rent for such time as the tenant shall hold over and beyond his term; and it does not matter how the court may lawfully decide the question whether the defendant is holding beyond his term. That issue might be determined in the first instance in the trial of a distress-warrant case where a proper counter affidavit is filed by the tenant; or it might be determined in a dispossessory-warrant proceeding as was done in this case. This last proposition was held by this court in *Sims* v. *Shotkin*, 70 *Ga. App.* 68, 72 (27 S. E. 2d, 466), in these words: "It is possible that under a proper construction of the Code, § 61-401, the landlord may, by distress warrant against the tenant, recover double rent for the period of time during which the tenant remains in possession of the premises after the rendition of the original judgment on the issue formed by the counter affidavit to the warrant to dispossess, and during the pendency of his case in the higher courts."

The defendant relies on the case of *Gaultney* v. *Adamson*, 75 *Ga. App.* 406 (43 S. E. 2d, 778), which holds that a judgment in

a dispossessory-warrant proceeding could include double rent only to the time of the judgment. That case, like the instant case, arose before the act of March 27, 1947 (Ga. Laws, 1947, p. 657), under which a judgment for double rent in a dispossessory-warrant proceeding "shall also provide for the payment of future double rent until the tenant surrenders possession . . after an appeal or otherwise." The ruling in the *Gaultney* case is not in conflict with the ruling we now make. The distress warrants in this case were not predicated on the double rent provisions of the judgment rendered in the dispossessory-warrant case, but were based on the fact that the dispossessory proceeding adjudicated that the defendant was holding over and beyond her term. In other words, it had been determined in a judicial proceeding between the same parties, before the distress warrants were issued, that the defendant was holding over and beyond her term. This being true, the plaintiff was entitled to double rent, and the court did not err in finding in favor of the plaintiff and in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*