33663.   LANKFORD *et al. v.* DOCKERY, executor, *et al.*

DECIDED NOVEMBER 15, 1951.   REHEARING DENIED NOVEMBER 30, 1951.

88

*W. C. Lankford,* for plaintiffs.

*G. H. Mingledorff,, R. A. Moore, Memory & Memory,* for defendants.

SUTTON, C. J. ■ The defendants in error have moved to strike the executors of the will of J. H. Milhollin, and N. E. Holton, as parties defendant to the writ of error, on the ground that the record shows that there has been no final judgment in the trial court as to these defendants in error, and that as to them the case remains pending in the trial court. "All formal parties to the pleadings in the trial court are proper parties to a writ of error." *Western Union Telegraph Co.* v. *Griffith,* 111 *Ga.* 551 (1 b), (36 S. E. 859). It appears from the record that the parties who ask that their names be stricken from the writ of error were joint defendants with Rilza T. Holton in the court below, and that all the defendants demurred jointly and obtained the judgment here excepted to. The ruling on the demurrers dismissed the case as to Rilza T. Holton and also struck that portion of the suit asserting liability for trespasses and punitive damages against the other defendants. This was a final judgment, and changed the plaintiffs' case, from one brought against three defendants alleged to be jointly and severally liable, to one against two defendants. Under these circumstances, we think it was proper to join all of the defendants in the bill of exceptions. See *McGaughey Bros.* v. *Latham,* 63 *Ga.* 67 (2) ; *Kollock* v. *Webb,* 113 *Ga.* 762 (39 S. E. 339) ; *Millers National Ins. Co.* v. *Hatcher,* 194 *Ga.* 449, 451 (22 S. E. 2d, 99) ; *Smith* v. *Atlanta Enterprises,* 46 *Ga. App.* 760 (169 S. E. 243). The motion is denied.

■ The first paragraph of the demurrer to the petition goes to that part of the petition seeking to hold Rilza T. Holton liable to the plaintiffs for rents and profits or trespasses, because the petition shows that Rilza T. Holton has not had possession of the land since February 19, 1943. The second paragraph of the demurrer is to the allegations of the petition charging the defendants with being trespassers, because, under the allegations of the petition, they were tenants in common with the plaintiffs after February 19, 1943, and also because, if any trespasses were

committed prior to that date, an action therefor would be barred by the statute of limitations.

The second paragraph of the demurrer, in so far as it raises the bar of the statute of limitations to trespasses committed prior to 1943, is well taken, and accomplishes what the first paragraph of the demurrer attempts, namely, to eliminate Rilza T. Holton from the case. The petition shows that she and her husband, N. E. Holton, as her agent, seized possession of the land in question in 1924, and that she claimed title to the whole interest in the land in the registration proceeding, as did N. E. Holton and J. H. Milhollin, who later intervened therein, claiming under Rilza T. Holton. It is not shown when the Holtons put J. H. Milhollin in possession, but it was apparently during the pendency of the title-registration case and prior to 1943 that this was done, and an action for damages based on trespass against Rilza T. Holton would have been barred in four years from the time of the trespass. "All actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." Code, § 3-1001. This limitation applies to a count for mesne profits which is based on the action of trespass (*Lopez* v. *Downing*, 46 *Ga.* 120) and it also applies to a nuisance or continuing trespass. *Monroe* v. *McCranie*, 117 *Ga.* 890 (45 S. E. 246). Whether Rilza T. Holton's possession was that of a trespasser, or of a tenant in common holding adversely to her cotenants, her liability therefor ceased four years after she was no longer in possession or put others in possession. The action for continuing trespasses or for holding adversely as cotenants, prior to 1943, against N. E. Holton and J. H. Milhollin was likewise barred when the present suit was filed in 1950, and this part of the second paragraph of the demurrer was properly sustained.

■ Regardless of what the character of the possession of N. E. Holton and J. H. Milhollin or his executors may have been prior to February 19, 1943, their possession since that time must be considered with regard to the decree in the land-registration case entered on that date, and registering title to an undivided half interest in the land in the plaintiffs and title to a like interest in the defendants, as tenants in common with the plaintiffs. "The obtaining of a decree of registration and the entry

of a certificate of title shall be construed as an agreement running with the land, and, except as hereinafter provided, the same shall remain registered land subject to the provisions of this Title." · Code, § 60-421. "If the fee simple shall be registered undividedly in the name of more than one person, as tenants in common or other like relationship of joint or common interest, it shall not be freed from registration except upon the unanimous action of the owners of the entire fee." § 60-422. It was not alleged that the land in question had been freed from registration. "No title to nor right or interest in registered land in derogation of that of the registered owner shall be acquired by prescription or adverse possession." § 60-423. Thus, even though the defendants' possession prior to the date of the registration decree may have been that of trespassers, or of tenants in common who have ousted their cotenants, the registration decree, operating as an agreement running with the land, and preventing the acquisition of title by prescription, imposed upon the defendants as parties to that decree a recognition of their relationship to the plaintiffs as tenants in common. The opinion in the case of *Harral* v. *Wright,* 57 *Ga.* 484, states: "If Jessup's possession became adverse for a time, that would go for nothing if, before the bar of the statute attached, the possession ceased to be adverse in consequence of his return to duty, as bailee or co-tenant. As often as he resumed the cast-off relation, he would come again under the law of that relation." Although Rilza T. Holton, in 1928, and N. E. Holton and J. H. Milhollin, at some time between 1928 and 1943, claimed the whole interest in the tract in the land-registration proceedings, their claim was ruled invalid in part by the decree entered therein, which was binding upon them.

According to the Code, § 85-1005, "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession," and for injury to his possession, as measured by the rental value or mesne profits of the land. *Adams* v. *Bishop,* 42 *Ga. App.* 811 (157 S. E. 523); *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712).

However, the petition does not show any of the elements set

out in Code § 85-1005, supra, which would make the defendants' possession since February 19, 1943, that of trespassers rather than simply that of cotenants in exclusive possession. No demand for possession is alleged, although there was an alleged demand for the rents. No ouster or facts amounting to an ouster are shown, and no notice given to the plaintiffs by the defendants as to their adverse possession is alleged. Exclusive possession alone by a cotenant will not be presumed to be an adverse holding, but simply one in support of the common title. *Morgan* v. *Mitchell*, 104 *Ga.* 596 (30 S. E. 792); *Green* v. *Rountree*, 155 *Ga.* 1, 11 (116 S. E. 116).

Without the element of ouster or adverse holding, the plaintiffs may be left to their remedy of accounting, as provided by the Code, §§ 85-1003 and 85-1004; and the trial judge apparently so ruled in overruling the tenth paragraph of the demurrer to the petition, to which order no exception appears to have been taken. However, if the allegations of the petition are insufficient to show that the holding of the land by the defendants since February 19, 1943, was that of trespassers, it likewise shows that the plaintiffs are not entitled to punitive or additional damages to "deter the wrongdoer from repeating the trespass." Code, § 105-2002.

The court did not err in sustaining the second and seventh paragraphs of the defendants' demurrer, which went to the allegations charging the defendants as trespassers, since February 19, 1943, and to the allegations that the defendants were liable for punitive damages.

■ The ninth paragraph of the demurrer to the petition was to references therein to Mattie L. Lankford and to allegations as to transactions between her and any of the defendants or anyone else, on the ground that she was not a party and that her dealings with the defendants or anyone else do not have any relation to the cause of action on which the petition is based. This demurrer was properly sustained, as it was not shown that the plaintiffs were parties to any of the dealings between Mattie L. Lankford and the defendants, as set out in the contracts attached to the petition, and, as shown above, the claim for damages or rents prior to 1943 is barred in the present action by the statute of limitations.

Paragraphs 3, 4, 5, and 6 of the demurrer to paragraphs 3 through 26 of the petition, with the exception of paragraphs 7, 8, and 25 of the petition, which were not demurred to, were also properly sustained, as these paragraphs allege occurrences prior to February 19, 1943; and although these allegations may show an ouster of or trespass against the plaintiffs before 1943, such ouster or trespass did not continue, but was interrupted by the title-registration decree entered on February 19, 1943, enforcing a recognition of the plaintiffs' title by the defendants, and so characterizing the defendants' possession as no longer adverse, but in support of the tenancy in common; and any claim by the plaintiffs for damages, on account of such ouster or trespass prior to 1943, is barred by the statute of limitations. Thus said allegations cannot illustrate any issue arising under the allegations of the petition, as contended by the defendants in their demurrers, and paragraphs 3, 4, 5, and 6 of the demurrer were also properly sustained.

■ The plaintiffs' demurrer to paragraph 4 of the defendants' plea in abatement raises the question of whether the plaintiffs, seeking to recover rents and profits from the defendants, as their tenants in common in possession, may recover their share of the rents to the time of the trial (the former action not having been tried) or only to the time of filing their petition in that case. It is contended by the plaintiffs that their former action, alleged in the plea to have been commenced on August 2, 1947, does not abate so much of their present action as seeks recovery of rents and profits accrued since that date.

"Where the injury sued for is caused by a mere repetition or continuing of acts of the same class, plaintiff's recovery is limited to the damages resulting from such of those acts as were done before the bringing of the suit," and "Where successive actions are brought for a continuing wrong, the damages to be recovered are for the injuries which have occurred during the period covered by the particular action." 25 C. J. S. 908, Damages, § 193. Damages sustained by reason of a nuisance which may be abated (*Langley* v. *Augusta,* 118 *Ga.* 590, 45 S. E. 486), or a continuing but not a permanent trespass (*Savannah &c. Canal Co.* v. *Bourquin,* 51 *Ga.* 378; *Jones* v. *Lavender,* 55 *Ga.* 228; *Ketron* v. *Sutton,* 130 *Ga.* 539, 541, 61 S. E. 113), are recoverable

up to the time of bringing the suit, the reason being that the trespass or nuisance may or may not be continued after the suit is commenced, and if continued, a new cause of action arises therefor. We think that the same rule should apply to the action of a tenant in common for his share of the rents, brought under Code §§ 85-1003 and 85-1004.

While, in an action of ejectment, mesne profits may be recovered up to the time of the final judgment, this exception to the general rule. is based on the statutory provision that "No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." Code, § 33-105. See *Brown* v. *Tyson,* 150 *Ga.* 598 (104 S. E. 420). Also, the successful plaintiff in a contested dispossessory-warrant proceeding could formerly recover double rent up to the time of the trial (*Sims* v. *Shotkin,* 70 *Ga. App.* 68, 27 S. E. 2d, 466; *Gaultney* v. *Adamson,* 75 *Ga. App.* 406, 43 S. E. 2d, 778) ; and now, under the act of 1947 (Ga. L. 1947, p. 657; Code, Ann. Supp., § 61-305), the judgment in such an action may provide for the payment of future double rent until the tenant surrenders possession of the lands, but this is by virtue of the statutory provisions.

It was error to overrule the plaintiffs' demurrer to paragraph 4 of the plea in abatement, setting up the pending suit as an abatement to the action for the recovery of rents and profits accruing after August 2, 1947.

*Judgment affirmed in part and reversed in part. Felton and Worrill, JJ., concur:*