34451. LANKFORD et al. v. DOCKERY, executor, et al.

CARLISLE, J. The plaintiffs in the present suit seek to recover their share of the rents and profits, together with legal interest thereon, derived from certain land in the City of Douglas, Georgia, for the period from October 27, 1950, to the time of the filing of the present suit on April 5, 1952. The defendants are alleged to be in possession of the land in question, which is owned by the plaintiffs and the defendants in common under a decision of the Supreme Court. *Lankford* v. *Holton*, 195 *Ga.* 317 (24 S. E. 2d, 292). Save that the present suit contains a prayer

for interest on such rents and profits, and contains no assertion of liability on the part of the defendants for trespass, the allegations of the present petition and those of the petition in *Lankford* v. *Dockery*, 85 *Ga. App.* 86 (67 S. E. 2d, 800), in which the rents and profits on the land for the period prior to October 27, 1950, and punitive damages for trespass were sought, are substantially the same.

1. Mrs. Rilza T. Holton was properly stricken, on demurrer, as a party defendant in the present suit for the same reasons stated in *Lankford* v. *Dockery,* supra. She is not shown to have been in possession of the land during the present period for which rents and profits are sought.

2. In *Lankford* v. *Dockery,* supra, at page 91, it is said: "According to the Code, § 85-1005, 'There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession,' and injury to his possession, as measured by the rental value or mesne profits of the land. *Adams* v. *Bishop,* 42 *Ga. App.* 811 (157 S. E. 523); *Burney* v. *Arnold,* 134 *Ga.* 141 (67 S. E. 712). However, the petition does not show any of the elements set out in Code § 85-1005, supra, which would make the defendants' possession since February 19, 1942, that of trespassers rather than simply that of cotenants in exclusive possession. No demand for possession is alleged, although there is alleged a demand for rents. No ouster or facts amounting to an ouster are shown, and no notice given to the plaintiffs by the defendants as to their adverse possession· is alleged. Exclusive possession alone by a cotenant will not be presumed to be an adverse holding, but simply one in support of the common title. *Morgan* v. *Mitchell,* 104 *Ga.* 596 (30 S. E. 792); *Green* v. *Rountree,* 155 *Ga.* 1, 11 (116). Without the element of ouster or adverse holding, the plaintiffs may be left to their remedy of accounting as provided by the Code, §§ 85-1003 and 85-1004." As there is present in the petition now before us none of the elements stated· in Code § 85-1005, the plaintiffs are left to their remedy of accounting, and the trial court did not err in sustaining the general demurrers to the petition as amended.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided March 11, 1953—Rehearing denied March 19, 1953.

*W. C. Lankford,* for plaintiff in error.

*Moore & O'Berry, G. H. Mingledorff, Memory, Barnes & Memory,* contra.